WOODEN *v.* MT. PLEASANT LUMBER & MANUFACTUR-
ING CO.

1. WATERS—OBSTRUCTION OF STREAM—RIGHTS OF MILL OWNER.
   One who is not injured by the maintenance of a dam by means
   of which a mill is operated cannot, when sued by the mill
   owner for obstructing the natural flow of the stream to the
   mill, defend by setting up that the dam was constructed with-
   out proper authority from the board of supervisors, under 1
   How. Stat. § 494.

2. SAME.
   A log owner who fills the bed of a stream with logs in winter,
   when it is not navigable, thereby interrupting the natural flow
   of the water, is liable in damages to a lower proprietor who is
   injured thereby.

Error to Isabella; Daboll, J., presiding. Submitted
June 18, 1895. Decided September 26, 1895.

Case by Sarah B. Wooden against the Mt. Pleasant
Lumber & Manufacturing Company for the unlawful
obstruction of a stream. From a judgment for plaintiff,
defendant brings error. Affirmed.

Plaintiff owns a grist mill, propelled by water power,
created by a dam across the river Chippewa. The dam
was built in 1870, without any authority from the board
of supervisors. In 1873 the then owner presented a
petition to the board, in which he set forth the construc-
tion of the dam, the building of a chute or apron for the
passage of logs and fish, and asked that the dam be
declared by the board to be such a dam as was required
by law, and that it be allowed to remain as then con-
structed, and he be vested with the rights and privileges
granted to owners of dams under the law. The board
adopted a resolution in accordance with the prayer of the
petitioner.

The defendant, during the winter, put logs into the

river and along its banks, about four miles above the dam, ready for driving in the spring. The banks were low. Rollways were made, and logs piled upon them the whole width of the stream. Plaintiff claims that the effect of this was to stop the flow of the water so as to destroy the supply for her mill. This suit was instituted to recover damages for such unlawful act. The defense was (1) that the dam was built without authority, and that the proceedings before the board of supervisors were void, because the petition was not in compliance with the statute, and that no notices of the petition were shown to have been posted in the several townships before the hearing; and (2) that the defendant banked its logs in the usual and a reasonable manner, and therefore is not liable for obstructing the flow.

*I. A. Fancher,* for appellant.

*Free Estee (M. Brown,* of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The defendant is not in position to raise the question of the regularity of the proceedings before the board of supervisors. No interference with its right of navigation for the purpose of running logs is claimed. The plaintiff obtained the right of flowage over all the land affected thereby. Her business is a lawful one. The defendant is not injured by her act. It was not at the time engaged in navigation. The stream at that time was covered with ice and snow, and could not be navigable until spring, after the ice and snow had melted. Land-owners are entitled to the natural flow of the water, subject to such interference as is caused by the use of the stream for navigation in the usual manner. Even if plaintiff's dam was constructed without proper authority, defendant could not maintain a direct action to abate it as either a public or a private nuisance so long as defendant is not injured thereby. Gould, Waters, § 364; *Brown* v.

*Perkins*, 12 Gray, 89. Much less will defendant be permitted to attack it collaterally.

2. Briefly stated, the second defense is that a log owner may lawfully fill the bed of a stream with logs in winter, when it is not navigable, and obstruct the natural flow of the water for months, depriving land-owners below of its natural use, and flooding the lands above. The proposition carries with it its own refutation, and no argument can make it clearer. Land and mill owners are entitled to the natural flow of the water, subject to the reasonable use for the purposes of navigation. Had these logs been placed in the river when it was navigable, for the purpose of running them, a different question would arise, which need not now be discussed, as it is not before us. The defendant was not using the stream for navigation, and its act was unreasonable and unlawful. As applied to the facts of this case, the instruction of the court below that the plaintiff was entitled to the natural flow of the water, so as not to injure her business, was correct.

Judgment affirmed.

McGrath, C. J., Montgomery and Hooker, JJ., concurred. Long, J., did not sit.