# JANUARY TERM.

## CHARLESTON.

ROGERS *v.* COAL RIVER BOOM & DRIVING CO.

*Submitted June 22, 1895—Decided Jan. 22, 1896.*

PLEADING—DEMURRER—OBSTRUCTION OF RIVERS.
> A declaration in case for injury to land from a boom *held* good on demurrer.

W. S. LAIDLEY and H. L. BROUN for plaintiff in error, cited Ang. Wat. § 388, 394-5, 405; 16 W. Va. 282; 25 W.

Va. 208; 26 W. Va. 672, 707; Code, 1891, Append. p. 1014, s. 28; 34 W. Va. 127, 232, Syl. pt. 3; Tied. R. Prop. §§ 72, 75; 1 Lom. Dig. 50, 56; Taylor, L. & T. 345; Code, c. 92; Acts 1851, c. 202, s. 7; 40 Am. Rep. 330; 23 Am. Rep. 655; 29 W. Va. 323, 795; 35 W. Va. 95; 98 U. S. 408; Cooley, Torts, 332, 334; 2 Wall. 510, Syl. 1; 13 Pet. 359; 111 U. S. 798; 118 U. S. 346; 62 Am. Dec. 424; 1 Kent, Comm. (s. p.) 477; 28 Am. St. Rep. 600; 11 N. Y. 408; 27 Am. Dec. 631, 635; 58 Am. Dec. 575; 15 Wis. 691; 4 Duer, 389; 44 Am. Dec. 540; 8 W. Va. 462, 474; 7 Blacf. (Ind.) 373; 19 Ind. 10; 44 Ind. 427; 19 S. E. Rep. 783; 4 H. & M. 200; 2 Call, 316; 5 Call, 515; 22 Gratt. 649; 77 Va. 366; 79 Va. 551; 80 Va. 625; 83 Va. 543, 847; 85 Va. 41; 89 Va. 503; 33 W. Va. 555; 2 Chit. Pl. 371, 378, 379, 380; 3 Id. 434; Heard, Civ. Pro. 223, 383; 2 Saunders, 252, note 7; 2 Greenl. 653; 19 S. E. Rep. 404.

PAYNE & GREEN for defendant in error, cited 4 Dana, 338; 13 Am. & Eng. Enc. Law, 558, note; 24 Mich. 282; 29 W. Va. 522.

BROWN, JACKSON & KNIGHT for defendant in error, cited 39 W. Va. 272; Boom Law, Code, '91 p. 1004; 6 Car. & Pr. 8; Taylor's Landlord and Tenant, 402; 29 W. Va. 323; 17 Am. St. Rep. 459; 52 Am. Dec. 655; 25 Am. Dec. 36; 20 Fed. Rep. 71; 73 Am. Dec. 329; 16 Wis. 247; 47 Calif. 536; Bouvier's Law Dict. "injury"; 34 W. Va. 783; 10 N. J. E. 352; 34 W. Va. 232; 5 Call, 531; 3 Hen. & M. 127; 3 Hen. & M. 271; 4 Munf. 261; 10 W. Va. 475; Minor's Institute, 1123.

BRANNON, JUDGE:

The one question before us is the sufficiency of the second amended declaration, the case having been dismissed on demurrer to it.

This declaration is in trespass on the case, and alleges that the plaintiff was owner of a tract of land bordering on the west side of Coal river, and that the plaintiff, on 17th of December, 1886, by writing, leased to the defendant a portion of said land, describing the portion, for the use of the boom belonging to the defendant, "as stated in the

lease," and that at the time of the execution of said lease the defendant was engaged in constructing a string boom in said river opposite the river bank so leased, for the collecting of logs on plaintiff's side of the river against the bank so leased; and that defendant afterwards, about November 1, 1889, wrongfully, unlawfully, and improperly built in the river opposite the leased bank, a certain other boom with fourteen piers, and wrongfully, unlawfully, and improperly, and without leave or license of the plaintiff, so used said boom in collecting large numbers of logs and other timber on the opposite side of the river from plaintiff's land, and suffered the same there to remain, that thereby the current of the river was obstructed, and diverted from its natural course, and made to run against the land of plaintiff so leased, washing away his soil and trees, undermining and destroying his land, both that leased and some not leased.

It is said that the declaration is faulty because it does not give the provisions of the lease so that we may see whether its provisions have been violated. That suggestion might appear to have force if we regard the action as based solely on the lease, as one brought for its violation, but we are not at all compelled to so regard it. The fair construction of the declaration is that the lease was for the use of the string boom which was being constructed at its date on the opposite side of the river to collect logs on the side of the river leased by the plaintiff, and the use of the plaintiff's bank of the river contemplated in the lease was solely and only for that string boom, and that defendant constructed another and different kind of boom, long after the lease, and with it collected logs, not on the plaintiff's side, but on the opposite side, and thus threw the water against the plaintiff's side; in other words, did another act—one independent of the lease—damaging the plaintiff. This independent act—the construction of the new boom and the collection of logs on the other side of the river—is not mentioned as an infraction of the lease. By mere implication we might say that, as the lease provided for a use of the river bank for collecting logs on the plaintiff's side of the river by means of a string boom on the

other side, the erection of another boom and gathering logs on the opposite bank was a violation of the lease; but no express provisions of that kind in the lease is suggested, and we can not assume one; and the more logical theory is that the act complained of is one outside of and independent of the lease—simply the construction of a pier boom, and gathering of logs on one side of the river, diverting the current from its old natural direction, and damaging the riparian owner on the other side, just as if no lease had been made. It is not the misuse of the privilege accorded by the lease, but the construction of that other boom that works the damage. The declaration negatived any license to do the act. If there was a license, it was for the defendant to plead it. If the lease authorized the act complained of, the defendant could show it as defense under the plea of not guilty. The declaration, in its drift, refutes the idea that it is based on the lease, in effect denies that the act was justified by the lease. Why, then, mention the lease in the declaration? it will be asked. Because, viewing the action, not as by landlord against tenant, where it would be unnecessary to do so, but simply as an action by a land-owner for injury to his land, it seems prudent that he aver his ownership and estate; and, as the soil injured was under and subject to lease, it would not seem improper to state the true state of title, so no variance between allegation and proof of title could be alleged. As the injury alleged is one to the inheritance, I hardly think it necessary to mention the lease, as I think an allegation that the plaintiff was seised and possessed in fee would have been adequate; but, if not necessary, it would be only surplusage. And just here I will add that the declaration alleges injury to land outside the boundary leased. Is not the declaration good as to that ? As this injury to this land was not from the boom contemplated in the lease, but another, it could not be said that this damage was contemplated in the lease, and is paid for in the consideration for the lease. The declaration thus shows a good cause of action.

But if we view the action as one for violation of the lease in wrongful or negligent use of the land resulting in damage, as for waste by a tenant, what then ? Must the lease

or its provisions be set out? Likely so, in a pure action of waste at common-law, but not in an action of trespass on the case in the nature of waste, such as the present action; for the forms of declaration in that action simply say that the defendant was tenant to the plaintiff of a certain property, and during the tenancy wrongfully damaged it, specifying the injury. 2 Chit. Pl. (16th Ed.) 536; 4 Rob. Prac. (New) 761, 762. If there were in the lease a covenant against waste, you could nevertheless sue in case, and need not sue on that covenant. 2 Tayl. Landl. & Ten. § 687. This declaration alleges that the defendant wrongfully, unlawfully, and improperly built and used this second boom, thus charging improper and negligent use of the lease privilege, if you must regard the action as one by landlord against tenant. So the declaration is good viewed in either aspect.*

Counsel make the point that, as the defendant is a corporation authorized by the law to erect booms, and the stream is floatable, and as this corporation was formed to improve navigation, and the public is entitled to the use of the stream, and no negligence in the exercise of the boom right is shown, the defendant is not liable for any damage to this land from the exercise of that right, and the declaration therefore shows no right of action. If, on demurrer, we take judicial cognizance of the defendant's character and powers and rights, and also of the floatable character of Coal river, yet the legislature could not create a corporation, and on the idea of its public utility authorize it to do acts damaging one's property, free from liability, because our Constitution says that private property shall neither be taken nor damaged for public use without compensation. A citizen or corporation lawfully using a floatable stream in a proper manner, without negligence, would likely be protected (*Gaston* v. *Mace*, 33 W. Va. 14 [10 S. E. 60]) but where an individual or corporation erects a structure in a

---

* Note by Brannon, Judge: Since writing this opinion I meet with law strongly sustaining this point. 2 Minor, 633, states the law to be, that in case of agreement not to do waste, the landlord may sue either in case or on the agreement. So holds *Moses* v. *Old D. Co.*, 75 Va. 95.

stream, and collects obstructions to the water's natural flow, which change the course of the current, and harms a riparian owner, that corporation or person is liable *Taylor* v. *Railroad Co.*, 33 W. Va. 39, (10 S. E. 29); *Gillison* v. *Charleston*, 16 W. Va. 282. But why discuss this, when the very statute authorizing this boom says that a boom charter shall not deprive a riparian owner of right to recover damages for injury by the corporation? Code 1891, p. 1014, s. 28. And further, why discuss the right under such charter, when all agree that a charter right improperly and negligently used will not exempt from liability, and this declaration charges that the act was wrongfully, unlawfully, and improperly done?

It is said the declaration is bad because it declares with a "whereas." It does so allege the title of the plaintiff, the execution of the lease, and the fact that the defendant was then engaged in constructing the string boom, but the gravamen of the action—that is, the erection of the pier boom, the collecting of logs, diversion of the current, and injury to the land—is directly averred, and that technical doctrine that where, in actions for tort, the gravamen is alleged with a "whereas" or "*quod cum*," the pleading is bad, which remains to this day fastened as an odious blot on the law of pleading under the common-law, does not apply. This declaration uses the "whereas" as to matters of inducement merely, and it would be stretching that objectionable doctrine beyond the rule of its application to apply it in this case. See *Spiker* v. *Bohrer*, 37 W. Va. 258 (16 S. E. 575); *Battrell* v. *Railway Co.*, 34 W. Va. 232 (12 S. E. 699).

Judgment reversed, demurrer overruled, and remanded.

English, Judge, dissenting.