[No. 3591.   Decided December 5, 1900.]

M. WATKINSON *et ux., Respondents, v.* PAT McCOY *et al., Appellants.*

NAVIGABLE WATERS—BOOMING LOGS—DAMAGES.

In an action by a riparian proprietor along the banks of a navigable or floatable stream to recover damages for injuries incurred through the act of the defendants in obstructing the stream while booming logs, so as to cause the water to rise and flood his lands, it is unnecessary to allege in the complaint that the injury was caused by the negligence or want of care of defendants, since it is immaterial in such a case whether or not there was negligence on the part of defendants.

SAME—DEFENSES.

In an action for damages for obstructing a river with logs, and for an injunction to restrain the further commission of such acts, it is not a defense to set up that defendants have expended large sums in improving the channel of the river, and have better adapted it for the drainage of the adjoining lands, since benefits cannot be set off in such a case against damages sustained.

SAME—EVIDENCE.

Where the rights of defendants extend only to rafting logs down a river and not to booming them, evidence of where it would be most convenient for them to boom them is immaterial in an action to enjoin such use.

SAME—INJUNCTION.

Where it appears that the injury to a riparian proprietor from the booming of logs on a navigable river will be a con-

tinuing one, the court is warranted in controlling such
improper use of the river by a perpetual injunction.

Appeal from Superior Court, Skagit County.—Hon.
Jesse P. Houser, Judge.    Affirmed.

*E. C. Million,* for appellants:

The public right of floatage and the private right of the
riparian proprietor must each be exercised with due con-
sideration for the other, and any injury which the latter
receives in consequence of a proper use of the stream
for floatage he must submit to as incident to his situation
upon navigable waters.    *Bauman v. Pere Marquette Boom
Co.,* 33 N. W. 538; *White River Log & Booming Co. v.
Nelson,* 45 Mich. 578 (8 N. W. 909); *Field v. Apple
River Log-Driving Co.,* 31 N. W. 17; *Hopkins v. Butte
& M. Commercial Co.,* 33 Pac. 817 (40 Am. St. Rep.
438); *Middleton v. Flat River Booming Co.,* 27 Mich.
533.

The court exceeded its authority in attempting to con-
trol perpetually the use of the river by injunction.    An
injunction will not be granted in aid of an action in tres-
pass, unless it appear that the injuries will be irreparable
and cannot be compensated in damages.    *Waldron v.
Marsh,* 5 Cal. 119; *Thorn v. Sweeney,* 12 Nev. 251;
*Hoye v. Sweetman,* 12 Pac. 504; *Bassett v. Salisbury
Mfg. Co.,* 47 N. H. 437 (82 Am. Dec. 179).

*McBride & Joiner,* for respondents:

The case at bar does not present a single trespass, but
numerous trespasses, and a condition that may occur at
any time during the winter season, and for as many years
as logging is continued upon the Samish river.    The
damage is not merely nominal, but irreparable, as it en-
dangers the value of respondents' premises for the pur-

pose of farming.   The following cases sustain the action
of the lower court in granting a perpetual injunction:
*Haines v. Hall,* 20 Pac. 831 (3 L. R. A. 609); *Meyer
v. Phillips,* 97 N. Y. 490 (49 Am. Rep. 538); *Stone v.
Roscommon Lumber Co.,* 26 N. W. 216; *Sheldon v.
Rockwell,* 9 Wis. 167 (76 Am. Dec. 265); *Ackerman v.
Horicon Iron Mfg. Co.* 16 Wis. 151; *Wilmington Water
Power Co. v. Evans,* 46 N. E. 1083; *Town of Hardinsburg,
v. Cravens,* 47 N. E. 153; *Coalter v. Hunter,* 15 Am. Dec.
726; *Society v. Morris Canal & B. Co.,* 21 Am. Dec. 41.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action in the superior
court of Skagit county, brought by respondents to recover
damages from appellants on account of using the Samish
river for storing and holding logs, and asking a permanent
injunction against the future use of the river for storing
and holding logs.   Respondents recovered judgment for
$175 damages and obtained an injunction prohibiting
the use of the Samish river for holding, handling, assort-
ing, or booming logs.   A demurrer was interposed to the
complaint for the reason that it failed to allege that the
injury was caused by negligence or want of care on the
part of appellants.   The demurrer was overruled, and
the order of the court overruling the demurrer is made
the first assignment of error by appellants.

The complaint alleged that appellants allowed logs to
accumulate and remain in large quantities, thereby form-
ing a jam and obstructing the river, thus causing the
water to rise and flood their lands, wash away their dikes,
and damage them. We think this was a sufficient allega-
tion.   We are not able to see that the cases cited by appel-
lants are in point.   They simply establish the doctrine
that the public may use navigable or floatable streams for

rafting or floating logs, and the law is that if, without negligence or want of proper care on the part of persons floating logs in such streams, damage is sustained, there can be no recovery. But we think that all the authorities agree that the right to float logs down a stream does not carry with it the right to boom logs in said stream, or to obstruct it in any way so that it will either interfere with the rights of other navigators or cause damage to the riparian proprietors. The appellants, then, having been engaged in a business which they had no legal right to engage in, viz., obstructing the stream by booming and rafting logs, are responsible to the riparian owners for such damages as accrue from such illegal acts, whether the appellants were guilty of negligence or not. Hence it is not necessary to allege negligence or want of care in the complaint. The cases cited by respondents on this proposition are exactly in point. In *Weaver v. Mississippi & R. R. Boom Co.,* 28 Minn. 534 (11 N. W. 114), it was held that the action of a party in booming logs in a river where damages accrued impaired the usefulness of the land of the riparian owner, and constituted a taking of the property and not a mere consequential injury; that the defendant had no right to take plaintiff's property without his consent, without first paying compensation therefor; and that, not having paid plaintiff compensation, the fact that defendant had constructed and maintained its booms with proper care and skill would be no defense to an action by the land owner for the injury to the property. In *Hueston v. Mississippi & R. R. Boom Co.,* 76 Minn. 251 (79 N. W. 92), where certain works erected and maintained by the defendant in the Mississippi river caused a log jam which raised the water of the river so as to overflow and damage the plaintiff's premises, it was held that the ground of defendant's

liability was, not that it was negligent in the construction or operation of its works, but that it had no right to thus injure or take the plaintiff's property without first acquiring the right by purchase or condemnation. In *Lorman v. Benson,* 8 Mich. 18 (77 Am. Dec. 435), the rule was announced that the right to raft logs down a stream did not involve the right of booming them upon private property for safe keeping and storage. The rights and responsibilities of drivers of logs on navigable rivers is discussed at great length and with great logical clearness by Judge CHRISTIANCY of the supreme court of Michigan in *Grand Rapids Booming Co. v. Jarvis,* 30 Mich. 308, where it was held that persons exercising the public right of navigating a stream by running logs down it, or collecting, dividing, and storing them, are bound to do it with due regard to the concurrent rights of riparian owners to the use of their lands; and they cannot, for the sake of rendering the business of thus navigating the stream more safe, convenient, and profitable to themselves, raise the water so as to flow the lands of such owners, and damage thus caused to the lands of the riparian proprietors cannot be treated as consequential merely, and *damnum absque injuria.* To the same effect is *Rogers v. Coal River Boom & Driving Co.,* 41 W. Va. 593 (23 S. E. 919), and *Wooden v. Mt. Pleasant Lumber & Mfg. Co.,* 106 Mich. 412 (64 N. W. 329).

The appellants offered an affirmative defense to the effect that they had expended a large amount of money in straightening the channel, removing snags, and otherwise improving the river, making it navigable and fit for floating logs; that by so doing they had greatly improved and increased the drainage of the adjoining lands; that they had thousands of dollars invested in timber lands and apparatus for logging the same; and that by using

said river for floating logs the same would be more valuable for drainage. To this affirmative defense the respondents interposed a demurrer, which was sustained, and the court's action in so doing constitutes the second alleged error. No authorities are cited by appellants in support of this contention, nor do we think any can be found. The fact that the appellants may have expended many thousand dollars in the clearing of this river would be of little consolation to the respondents, if the appellants were allowed to damage or destroy the lands of the respondents by choking the river with booms of logs. In this state, where the right of eminent domain is available, benefits cannot be urged and set off against damages sustained.

The third alleged error is that upon the trial appellants filed an amended answer containing an affirmative defense in which it was alleged that, if any damage was suffered by respondents, it was caused through no fault or negligence of appellants, but while they were using ordinary care, diligence, and skill in handling the logs. In response to a motion of the respondents, this defense was stricken, for the reason that the same was irrelevant and redundant. What has been said under the first assignment of error in relation to the sufficiency of the complaint applies to this assignment. The motion was properly sustained.

The fourth allegation of error is an objection to the fifth finding of fact, which was to the effect that the respondents sustained damages to the amount of $175. We think there was sufficient testimony to sustain this finding.

The fifth allegation is that the court erred in holding appellants liable for any damages which respondents sustained. This assignment is covered by what has been said under the first and second assignments of error.

The sixth assignment is that the court erred in refusing to permit the appellants to show that the logs could not be handled, sorted, and boomed below the draw bridge. It is contended that, if this is true, the loggers should have the use of the river, and, if the riparian owner is thereby inconvenienced, it is his misfortune in owning property along such stream, and is a damage incident to such property. We think this testimony was properly excluded. If, as we have seen, the rights of the appellants extended only to rafting logs down the river, it would make no difference whether or not it was inconvenient for them to raft below the draw bridge, and the objection is aptly met by counsel for respondents in his brief, when he uses the argument of counsel for appellants in the following language:

"If that condition is true, and there is no other place in the Samish river where logs can be boomed, etc., without injury to the property of riparian owners, and by reason of such condition loggers are put to some inconvenience and expense in constructing a place for handling and booming their logs, then, to use the expression of counsel, it is their misfortune in choosing a location, as the inconvenience and expense are incidents to logging upon the Samish river."

The seventh allegation of error is substantially the same as the third.

The eighth allegation is that the court exceeded its authority in attempting to control the use of the river perpetually by injunction. Under all the circumstances as shown by the testimony of this case, we think the damages were such that a perpetual injunction was necessary to protect the rights of the respondents.

The last assignment of error, and the one which the appellants urge most strenuously, is that finding No. 9, which is to the effect that, if the appellants are permitted

to use the Samish river at any place betweeen certain points mentioned, such use of such portion of the river will interfere with the drainage of respondents' land to their injury, from which finding the court concludes as a proposition of law that respondents are entitled to perpetual injunctive relief, is not sustained by the testimony. It would be profitless to go into an analysis of the testimony. It is sufficient to say that we have examined the record, and, in our judgment, the testimony amply sustains the finding made by the court.

No error appearing of record, the judgment will be affirmed.

REAVIS, FULLERTON, ANDERS and WHITE, JJ., concur.