[No. 4975.  Decided June 9, 1904.]

J. S. INGRAM, *Respondent,* v. WISHKAH BOOM COMPANY, *Appellant.*[1]

PLEADINGS — DEFINITENESS — BILL OF PARTICULARS—UNNECESSARY TO PLEAD EVIDENCE—DISCOVERY OF FACTS.  It is not error to refuse to require the complaint to be made more definite and certain or to refuse to require a bill of particulars, where the complaint pleads the ultimate facts, and the object was to require the plaintiff to plead his evidence, or to obtain a

[1]Reported in 77 Pac. 34.

discovery of facts in possession of the plaintiff, since the remedy is by interrogatories served and answered before the trial.

WATERS—RIPARIAN RIGHTS—OVERFLOW IN FLOATING LOGS IN UNUSUAL MANNER — NEGLIGENCE NOT ESSENTIAL — COMPLAINT—SUFFICIENCY. A complaint by a riparian owner against a logging company using the stream for floating and driving logs need not allege negligence on the part of the defendant, where it is alleged that the defendant created log jams and by dams and artificial freshets floated the logs and overflowed plaintiff's premises, since these acts are wrongful and an abuse of the right of navigation.

TRIAL—VERDICT—WHEN NOT DISTURBED. A verdict will not be disturbed where there is substantial evidence in support of all the issues, and there is nothing to indicate that it was the result of passion or prejudice.

DAMAGES — EVIDENCE — TESTIFYING TO AMOUNT IN MONEY — WHEN PERMISSIBLE. In an action by a riparian owner for damages caused by a boom company in floating logs down a stream, it is not prejudicial error to allow the plaintiff to testify to his damage in money, where the injury consisted in the depreciation of the value of the land and the destruction of personal property, and he testified as to the values and afterwards stated the sum total, which could have been arrived at by a mathematical calculation.

EVIDENCE—ADMISSION OF ANSWER WITHOUT THE COMPLAINT—HARMLESS ERROR. The admission in evidence of an answer to contradict the statement of the party verifying it, without introducing the complaint, is harmless where the only part of the answer read could not have been explained by anything in the complaint.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered July 25, 1903, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits. Affirmed.

*Greene & Griffiths* (*Sidney Moor Heath*, of counsel), for appellant.

*J. C. Cross*, for respondent.

FULLERTON, C. J.—In this action the respondent sued to recover damages for injuries to his real property, al-

leged to have been caused by the appellant in the operation of its sluice dams on the Wishkah river. After issue had been joined, a trial was had, resulting in a verdict and judgment for respondent, from which this appeal is taken.

The appellant first complains that the trial court erred in overruling its motion to make the complaint more definite and certain, and in refusing to require the respondent to furnish it with a bill of particulars. The complaint alleged, in substance, that the appellant was a boom company, organized under the laws of this state, owning and operating certain sluice dams on the Wishkah river, a stream navigable for the purpose of floating sawlogs; that the respondent owned lands through which the Wishkah river ran, lying below the sluice dams of the appellant; that he used his lands for a home, and had improvements thereon consisting of cleared and cultivated lands, buildings, fencing, and certain other structures; and that the appellant "has never procured from the respondent, by condemnation or otherwise, any right to the use of his land whatsoever, as it might do by virtue of the statutes authorizing its incorporation." The paragraphs of the complaint containing the allegation of damage are as follows:

"That during all the times herein mentioned and at the present time the defendant, the Wishkah Boom Company, has been and is engaged in the sluicing, driving, booming, and rafting of sawlogs in said river, and through the lands of this plaintiff, hereinabove described; that, in the driving of the said sawlogs down the said river, the said defendant has employed and is employing dams, whereby and by virtue of which, great and large artificial freshets are made in said river through the lands of this plaintiff, and that by reason of such dams and such arti-

ficial freshets, through the lands of the plaintiff aforesaid, and by reason of the driving of large bodies or quantities of sawlogs by virtue of such artificial freshets through the lands of this plaintiff, and by reason of the creation of large jams of sawlogs in said river and within the boundaries of plaintiff's lands by the said defendant, in its endeavor to drive the said sawlogs by means of artificial freshets aforesaid through the lands of this plaintiff aforesaid, and on account of each of the said reasons and uses the said defendant has greatly injured and damnified or damaged the lands of this plaintiff, such damages being, primarily, as follows, to wit: (1) By creating and producing great and lasting erosions of the banks of plaintiff's said lands. (2) By causing great quantities of water, logs, and debris and sediment to flow in, and upon and over the plaintiff's said lands, thereby destroying the crops upon the said lands. (3) By causing great quantities of water, logs, and debris to flow in and upon plaintiff's said lands, thereby destroying the improvements upon said lands.

"That by reason of the facts hereinbefore alleged, this plaintiff has been and is damaged as follows: (1) On account of erosions, since March 1, 1900, as hereinbefore set forth in the full and just sum of $200. (2) On account of injury to the improvements, since March 1, 1900, as hereinbefore alleged in the full and just sum of $100. (3) On account of injury and damage to crops, since March 1, 1900, as hereinbefore alleged in the full and just sum of $200."

The motion of the appellant, which is too long to set out here in detail, practically called for the evidence on which the respondent relied to maintain his cause of action. But plainly these were not matters which the plaintiff was required to set out in his complaint. Only ultimate facts need be pleaded in order to state a cause of action. There is no requirement that evidence relied upon to support the facts need be set out. Nor was the matter demanded the subject for a bill of particulars.

While a bill of particulars may be demanded in certain kinds of actions as a matter of right (Bal. Code, § 4930), this was not such an action. A bill of particulars may be ordered when the demand is for particulars of the general items set out in the complaint, but it is not the remedy where discovery is sought of facts in possession of the plaintiff material to the defense of an action. For discovery of facts in the possession of the other party, the code provides a remedy by interrogatories served and to be answered before trial, or by an examination of the party as a witness at the trial, not by demanding a bill of particulars.

The appellant next contends that the court erred in overruling its demurrer to the complaint. It argues that, inasmuch as the stream was a navigable one, the appellant, along with the public generally, had the right to use it for the purpose of floating or driving logs, and that the rights of riparian owners are subordinate to this use, when reasonably exercised; hence, the complaint, in order to state a cause of action, must contain an allegation to the effect that the damage was caused by the negligent use of the stream. Whether it be the rule that, had the appellant been using the stream for the purpose of floating and driving logs in the usual and ordinary manner, and, in spite thereof, had injured the respondent's property, no action would lie against it for such injury, it is not necessary here to determine. The complaint does not make that kind of a case. The appellant was not using the stream in the usual and ordinary manner. It not only suffered and permitted the logs it was driving to jam and accumulate in the stream on the respondent's property, but it sought to remove them by artificial freshets, thereby causing the water to back up and overflow

the respondent's land, washing away the banks of the stream and the fences protecting the land, destroying the crops growing thereon, and covering the land with logs and other debris that would have passed on without damage but for the acts of the appellant.

As we said in *Watkinson v. McCoy*, 23 Wash. 372, 63 Pac. 245, "The right to float logs down a stream does not carry with it the right to boom logs in said stream, or to obstruct it in any way so that it will either interfere with the rights of other navigators, or cause damage to riparian proprietors." And we conclude here, as we concluded in that case, that it is not necessary, where the injury is caused by a misuse of the stream, or an abuse of the rights of navigation, to allege in the complaint that the acts were done negligently in order to state a cause of action for damages arising from such misuse or abuse. It is sufficient to set out the acts showing the misuse or abuse of the right navigation, as it is these acts that give rise to the cause of action. The acts themselves are wrongful; it is not a case of a rightful act negligently performed.

The appellant challenges the sufficiency of the evidence to justify the verdict, but we find no cause to interfere with the verdict on this ground. There was substantial evidence in support of all of the issues necessary to be maintained by the respondent, and, unless the verdict was the result of passion and prejudice, rather than a due consideration of the evidence, this is sufficient to sustain it in this court. Of passion and prejudice on the part of the jury, we find nothing in the record.

The court permitted the respondent to testify to the amount of his damages in money, and this is assigned as error by the appellant. We are of the opinion, however,

that the evidence, if not strictly within the rule, was harmless. The damages consisted of a depreciation in value of the real property, and a total destruction of certain personal property. The respondent could properly testify to the value of the real property, both before and after the injury, and to the value of the personalty at the time it was destroyed. This the respondent did do, and for him afterwards to state the sum total of his different losses could not be error, as the ascertainment of the total was a mere solution of an arithmetical problem, the terms of which were stated when he testified to the different values.

But it is said this court has announced a contrary view in *De Wald v. Ingle,* 31 Wash. 616, 72 Pac. 469. In that case we did hold that it was error to permit the plaintiff, in an action for personal injuries, to testify to the amount of his damages in money. The cases rest, however, on widely different principles. In a personal injury case the damages are not capable of anything like exact admeasurement, and cannot be made any more certain by the mere opinion of witnesses. In other words, the question is treated as one not capable of ascertainment by expert or peculiar knowledge, but one resting within the knowledge of the generality of mankind, which the jury alone are qualified to determine, after being made acquainted with the nature and effect of the injury and the circumstances under which it was inflicted. But value, when applied to property, is capable of at least approximate admeasurement, and is a subject on which a person can acquire a knowledge not possessed by the generality of mankind, and is held everywhere to be a proper subject for opinion or expert evidence. Indeed, values could hardly be proved in any other way, and it would practi-

cally be a denial of the right to recover for injuries to property, if witnesses were not permitted to give their opinion as to the amount a particular piece of property has depreciated from a given cause.

Many errors are assigned going to the admission and exclusion of evidence, but as the appellant passes all of these with one exception, without comment, we shall treat them in the same manner, saying merely that we have examined each of them, but find nothing that requires a reversal of the case. The exception mentioned is to the admission of an answer, filed by the appellant in an action brought by one Hayes, against the appellant and others, for services performed in driving the logs the respondent contends caused the injury to his property. The answer was verified by a Mr. Emerson, and was introduced to contradict certain statements Mr. Emerson made while testifying for the appellant in this case. The appellant contends that the answer should not have been admitted without introducing, in connection with it, the complaint in the action it purported to answer, and assigns error on that ground. But the only part of the answer read to the jury as material was an allegation describing the corporate powers of the appellant, and the complaint could hardly have explained or aided in an understanding of that paragraph. It is somewhat difficult to discover from the record the materiality of the evidence, but its admission, if error at all, was harmless error.

Lastly the appellant assigns that the court erred in giving, and in refusing to give, certain instructions to the jury. The exception taken to the instructions given was in the following words: "The defendant excepts to that part of the charge given by the court saying in

effect that if the jury find that the defendant, or its officers, agents, or employes assisted in breaking the jam, the company would be liable." A careful perusal of the charge as reported in the record fails to disclose any instruction to this effect, unless it is found in the following:

"If you find that there was any such use of this stream by any person in driving these logs or in the use of these dams, as has caused the injury to the plaintiff for which he would be entitled to recover, then you should inquire whether it was done by these defendants, or this defendant company—when we speak of the defendant company we mean its acts through its employes or agents; and that fact must be established by a fair preponderance of the evidence also; if you cannot find that from the preponderance of the evidence or if the evidence is such as to leave you in a condition of uncertainty as to who among the drivers of these logs did cause this damage, or in the operation of the dams, if it was caused in that way, and you cannot say from a fair preponderance of the evidence who did it, then you cannot find the defendant liable. If you can say from a fair preponderance of the evidence that it was done or caused by this defendant company, or its employes, then the plaintiff would be entitled to recover from the company; if you cannot find from a preponderance of the evidence that the employes of the company were operating this dam, nor were driving these logs nor were breaking this jam at the time this alleged injury was sustained, then they are not liable."

There is nothing in this, when read as a whole, that can be said to be prejudicial to the appellant.

The instructions requested and refused merely suggest the appellant's theory of the case, which we have discussed in passing upon its objection to the sufficiency of the complaint, and require no further discussion.

As we find no reversible error in the record, the judgment appealed from will stand affirmed.

DUNBAR, HADLEY, ANDERS, and MOUNT, JJ., concur.