(No. 5240. Decided May 4, 1905.)

MARY F. WHITE, *Respondent,* v. WILLIAM CODD, *Appellant.*[1]

WATERS—INJUNCTION—OBSTRUCTION OF STREAM BY LOGGING OPERA-
TIONS—OVERFLOWING LANDS—TEMPORARY INJUNCTION—ADMISSION OF
ACTS. A temporary injunction pending the action is properly granted
to restrain a logger from storing logs in a river or slough in such
a manner as to overflow its banks, wash away the soil, and prevent
the cultivation of plaintiff's land, where the defendant's affidavit on
the hearing admits the commission of such acts and the plaintiff's
title to the land.

SAME — PRESCRIPTIVE RIGHTS — OBSTRUCTION OF STREAM FOR SIX
YEARS. No prescriptive rights are acquired by the obstruction of a
navigable river and the flooding of lands by the storage of logs
therein for a period of six years.

SAME — MANDATORY INJUNCTION — REMOVAL OF LOGS, WHEN RE-
QUIRED. A mandatory injunction pending the action may be granted
requiring the removal of logs from the plaintiff's premises, where
it clearly appears that the defendant, without any conceivable right,
has obstructed a stream and floated logs upon the plaintiff's lands,
and left them there, preventing cultivation of the land.

Appeal from an order of the superior court for Whitman
county, C. F. Miller, J., entered March 19, 1904, after a
hearing upon affidavits, granting a temporary injunction, in
an action to restrain the obstruction of a stream. Affirmed.

*John Pattison,* for appellant.

*J. T. Brown,* for respondent.

PER CURIAM.—The plaintiff is the owner of one hundred
and sixty acres of farming land, in Whitman county, through
which flows the North Palouse river. Said river is navigable
and a public highway for the purpose of driving and floating
logs and timber products. The defendant, for about twenty-
six years last past, has been engaged in conducting logging
operations on said river. The complaint charges that,

"For six years last past, to wit: for the years 1898, 1899,
1900, 1901, 1902, and 1903, the said defendant was and

1 Reported in 80 Pac. 836.

now is engaged in the logging business above said land, upon land lying on and near said river, and during each and every of said years, the said defendant has cut and placed in said river, at a place above said land, large quantities of said logs, which he has driven and floated down said river to a place just below said land, and there allowed said logs to accumulate and remain, and from thence· extending to and across said land in the bed and channel of said river, kept, retained, and stored said logs for a large portion of each and every of said years, thereby making a reservoir of said bed, channel and sloughs of said river, extending across said land, for storing, retaining and holding his said logs and thereby forming a jam and complete obstruction of said river on said land, and retarding and obstructing the natural flow of the waters of said river over and across said land, and causing the waters in said river to back up and raise to such an extent as to overflow and flood said land, and obstruct and interfere with the cultivation thereof for a large portion of each and every of said years, and thereby causing large quantities of said logs to float out of the bed and channel of said river, and over and upon said land, and allowed the same to remain thereon for a large part of each and every of said years, and thereby causing said logs so kept in said river to wash and wear away the soil of said land and the banks of said river on said land," etc.

The prayer of the complaint is for a temporary restraining order pending the action, and for a mandatory injunction requiring the defendant to remove certain logs from the plaintiff's lands. After notice, and upon a hearing had, the court made an order, the material parts of which are as follows:

" .  . then until the further order of the court in the premises, you, the said William Codd, defendant above named, and all your agents, attorneys, servants and employees, and all others acting in aid or assistance of you and each and every of you, do absolutely desist, and refrain during the pendency of this action, and until the further order of this court, from in any manner using the bed, channel or sloughs of the North Palouse river, which extends over and across the north half of the northwest quar-

ter of section twelve, and the south half of the southwest quarter of section one, all in township sixteen, north of range forty-three, E., W. M., in Whitman county, state of Washington, as a reservoir or place of storing, holding, retaining or accumulating saw logs, or from in any manner using any part of the above described premises as a reservoir or place of holding, storing, retaining or accumulating saw logs, or from in any manner holding, storing or accumulating saw logs in said river below the above described premises, in such a manner as to back or raise the water in said river so as to wash away or overflow the above described lands or any part thereof. And you, the said William Codd, defendant above named, are hereby further ordered to forthwith remove from the above described lands and from the bed, channel and sloughs of the North Palouse river extending over and across said above described lands, any and all saw logs now lying or being thereon or therein."

Two affidavits of the appellant were filed upon the hearing for the temporary order, and one of the respondent. The respondent's title to the land in question is admitted, as is also the commission by the appellant of many of the acts complained of. The rights of the appellant in the stream in question, as a part of the navigable waters of the state, are clearly defined by this court in *Watkinson v. McCoy,* 23 Wash. 372, 63 Pac. 245; *Ingram v. Wishkah Boom Co.,* 35 Wash. 191, 77 Pac. 34; *Monroe Mill Co. v. Menzel,* 35 Wash. 487, 77 Pac. 813; *and Matthews v. Belfast Mfg. Co.,* 35 Wash. 662, 77 Pac. 1046. Under these authorities, there can be no question but that the appellant has, through a long series of years, trespassed upon the lands of the respondent and invaded her legal rights. The temporary order made by the court accords to the appellant the full measure of his rights in the stream in question as a part of the navigable waters of the state. The claim of the appellant that the respondent has forfeited her right to equitable relief, and that he has acquired a prescriptive right to flood the respondent's lands, cannot be sustained on the showing made, under the decisions of this court in *Rigney*

v. *Tacoma Light etc. Co.,* 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425, and *Monroe Mill Co. v. Menzel, supra.*

As to the mandatory feature of the injunction, while the court will only grant a mandatory injunction pending the hearing on the clearest kind of a showing, yet the appellant has no conceivable right to float logs on to the respondent's land and leave them there, under any possible view of the case, and the action of the court in requiring their removal was therefore proper. Inasmuch as the case is not before us on its merits, a further discussion of the questions involved would be unprofitable.

There is no error in the record, and the judgment is affirmed.