[No. 8074. Department One. July 26, 1909.]

SILAS A. GILSON, *Appellant*, v. CASCADE LUMBER COMPANY
et al., *Respondents*.[1]

WATERS—RIPARIAN RIGHTS—OBSTRUCTIONS—ACT OF GOD—QUESTION FOR JURY. Whether floods and an ice jam were so unusual and extraordinary as to be deemed an "act of God" is a mixed question of law and fact, to be determined by the jury under proper instructions, in an action by a riparian owner for damages for obstructing the stream.

WATERS—OBSTRUCTIONS—DAMAGES—NEGLIGENCE. Damages from obstructions in a river, causing an overflow of lands, may be recovered irrespective of negligence on the part of defendant in the maintenance of dams, booms, or piers near plaintiff's lands, as the injury is not the natural result of the use of the stream as a highway.

Appeal from a judgment of the superior court for Yakima county, Kauffman, J., entered March 19, 1908, in favor of

[1]Reported in 103 Pac. 11.

19—54 WASH.

the defendants by direction of the court, after trial before the court and a jury, in an action of tort.  Reversed.

*F. A. Luse, Cull & Davis,* and *H. J. Snively,* for appellant.
*Englehart & Rigg,* for respondents.

MORRIS, J.—The appellant brought this action to recover damages, alleged to have been caused to his lands by the overflow of the Yakima river in November, 1906, and in February and May, 1907, through the negligence of the respondents in the construction and maintenance of their dam, boom, and piers in the river adjacent to appellant's lands, so as to cause the water to back up and overflow appellant's lands, causing the several items of damage complained of.  The answer was a general denial, but on the trial of the cause the respondents sought to show that the floods and ice jam causing the damage were so unprecedented and so unusual in their extent and character, as to fall within what the law defines as "the act of God."  The appellant sought to meet this evidence by attempting to show floods in prior years which were as great as, if not greater than, the floods complained of, upon which to base his theory that it was the duty of the respondents to have anticipated and properly guarded against the floods claimed to have caused the damage.  At the conclusion of appellant's case in chief, the case was dismissed as to the Cascade Lumber Company, upon the ground that, if any act of the defendants caused any damage to appellant's lands, it was the act of the Yakima Boom Company. No exception appears in the record to this ruling.

At the close of appellant's rebuttal evidence, a motion was made to the court to withdraw the case from the jury and render judgment in favor of defendants upon several grounds; among others, that the floods and ice jam were so unusual and extraordinary as to be deemed the act of God. This motion was granted, and upon entry of judgment in favor of defendants, plaintiff appeals, alleging this ruling of the court as error.

"The act of God," as that expression is known in the law, is a mixed question of law and fact. The defining and limitation of the term, its several characteristics, its possibilities as establishing and controlling exemption from liability, are questions of law for the court; but the existence or nonexistence of the facts upon which it is predicated are questions for the jury. The court could not, in this instance, have determined that the floods were unusual or unprecedented, since that is a determination of a fact depending upon evidence to establish it. The province of the court was to define to the jury in proper instructions what would in this instance be regarded by the law as an act of God, and leave to the jury the determination of whether or not the evidence was sufficient to create and establish such a situation.

In view of a new trial being ordered, we deem it proper to refer to one other contention discussed upon the argument and in the briefs. Respondents assert that they are entitled to judgment in any event, because of the failure of appellant to show his damage was the result of negligence, and cite *Mitchell v. Lea Lumber Co.*, 43 Wash. 195, 86 Pac. 405, 9 L. R. A. (N. S.) 900; while appellant contends that the true rule as established by this court is that, if his damage was caused by obstructions in the river created by respondents, he is entitled to recover irrespective of negligence; citing *Watkinson v. McCoy*, 23 Wash. 372, 63 Pac. 245, and other cases in which a similar doctrine is announced. The latter rule has become the established doctrine of this court. *Watkinson v. McCoy, supra; White v. Codd*, 39 Wash. 14, 80 Pac. 836; *Ingram v. Wishkah Boom Co.*, 35 Wash. 191, 77 Pac. 34; *Matthews v. Belfast Mfg. Co.*, 35 Wash. 662, 77 Pac. 1046; *Burrows v. Grays Harbor Boom Co.*, 44 Wash. 630, 87 Pac. 937.

The case of *Mitchell v. Lea Lumber Co.*, cited by respondents, does not announce a contrary rule. In that case the rule announced is that no damages can be recovered for in-

juries which are the natural result of the use of the stream as a highway. The court establishes a rule where the damage is caused by use of the river in its natural condition, in which there can be no recovery without a showing of negligence; while in *Watkinson v. McCoy* and other like cases, a rule is established where the damage is caused by obstructions, splash dams, and other causes created by the user of the river, in which case the injury must be compensated for irrespective of negligence, so long as it can be attributed to the obstruction created. There is no conflict in these holdings. The allegations of the complaint in the present case bring it within the case of *Watkinson v. McCoy*, and there could be a recovery for any injury sustained which could be attributed to the creation of the dam, piers, and boom created by the respondents. We do not think the contract set out as Exhibit A is in any wise controlling of any question involved in this action.

The withdrawal from the jury being error, the judgment is reversed and the cause remanded for a new trial.

RUDKIN, C. J., FULLERTON, CHADWICK, and GOSE, JJ., concur.