[No. 18767.   Department One.   December 16, 1924.]

# J. J. BARRY, *Respondent*, v. BLAIR MURRAY *et al.*, *Appellants.*[1]

NAVIGABLE WATERS (30-4)—OBSTRUCTIONS—INJURY TO BANKS— NEGLIGENCE—PLEADING. A complaint for injuries to riparian lands from the floatage of logs in a river, liberally construed, sufficiently charges negligence, where it alleges that defendants permitted the logs to form a jam causing the disintegration of the banks, and with knowledge of the existence of the jam, defendants were adding logs to the stream and increasing the damage.

SAME (30-4)—OBSTRUCTIONS—LIABILITY—INJURY TO BANKS—NEGLIGENCE. In the absence of evidence of negligence in the floatage of logs in a river, there can be no recovery by a riparian owner for damages sustained through the existence of log jams causing disintegration of the banks.

APPEAL (418)—REVIEW—FINDINGS. Findings of the trial court will be set aside where the evidence preponderates against them decisively and overwhelmingly.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered April 20, 1923, upon findings in favor of the plaintiff, in an action for damages and for an injunction, tried to the court. Reversed.

*Fred H. Lysons* and *L. B. Schwellenbach,* for appellants.

*Jesse Simmons,* for respondent.

TOLMAN, J.—Respondent, being the owner of a tract of land abutting on the Snoqualmie river, in King county, Washington, brought this action against appellants, as defendants, to recover for damages alleged to have been caused to his land by the operations of appellants in floating logs down the river, and for an injunction to restrain appellants from acts of omission or commission which might cause future damage. From

[1]Reported in 231 Pac. 10.

a judgment entered against them, after a trial on the merits to the court, in the sum of $375 and costs, and the granting of an injunction requiring the immediate clearing of the stream of stranded or jammed logs, restraining them from so operating in the future as to cause damage to respondent's lands, and further, holding the case open for the purpose of proving future damages, the defendants have appealed.

The first point raised is that there was no allegation in the complaint, or proof upon the trial, of negligence on the part of appellants, and since it appears, without contradiction, that the stream was used in its natural condition, under the rule announced in the case of *Mitchell v. Lea Lumber Co.*, 43 Wash. 195, 86 Pac. 405, 10 Ann. Cas. 231, 9 L. R. A. (N. S.) 900, there can be no recovery. In the case just mentioned it is said:

"It is next contended in support of the judgment of nonsuit that the evidence does not disclose that the injury resulted from any negligence in driving the shingle bolts. It is argued that no damages can be recovered for injuries which are merely the natural result of the use of the stream as a highway when the operations have been conducted in a reasonably careful manner. The above proposition is sustained by the following authorities cited by respondent: *White River Log & Booming Co. v. Nelson*, 45 Mich. 578, 8 N. W. 587, 909; *Field v. Apple River Log Driving Co.*, 67 Wis. 569, 31 N. W. 17; *Bauman v. Pere Marquette Boom Co.*, 66 Mich. 544, 33 N. W. 538; *Hopkins v. Butte Etc. Commercial Co.*, 13 Mont. 223, 33 Pac. 817, 40 Am. St. 438; *Davis v. Winslow*, 51 Me. 264, 81 Am. Dec. 573; *Hunter v. Grande Ronde Lum. Co.*, 39 Ore. 448, 65 Pac. 598.

"In *White River Log & Booming Co. v. Nelson*, supra, Judge Cooley said:

"'But if the company only makes use of the right of floatage in a proper and reasonable way and without negligence, it is not responsible even though some injury may be suffered by the riparian owner. The rights

of the public to run logs in the stream are not subordinate to those of the owner of the bank, but they are concurrent, and each must be enjoyed reasonably and without any unnecessary interference with the enjoyment of the other, and without negligence. But this is all that can be required. No man can be punished in damages for an enjoyment of his undoubted rights, when he acts reasonably and with prudence.'

"Appellant contends that a recovery should be had for actual damages without regard to the existence of negligence; but in the light of the eminent authority from the great timber states, we think that contention cannot prevail. By those authorities it is held that the timber driver has the right to occupy the stream as a highway for driving purposes, and that, so long as his operations are conducted with reasonable care and prudence, any resulting damage is an incidental burden which the riparian owner must bear. It is true that in this state the constitution requires that property shall neither be taken nor damaged until compensation has first been paid. But if the damage is of a class for which recovery cannot be had, it becomes *damnum absque injuria,* and the constitutional provision does not apply in such a case."

If there was any uncertainty as to the meaning of this language, that uncertainty was set at rest by what was later said by this court in *Gilson v. Cascade Lumber Co.,* 54 Wash. 289, 103 Pac. 11.

"Respondents assert that they are entitled to judgment in any event, because of the failure of appellant to show his damage was the result of negligence, and cite *Mitchell v. Lea Lumber Co.,* 43 Wash. 195, 86 Pac. 405, 9 L. R. A. (N. S.) 900; while appellant contends that the true rule as established by this court is that, if his damage was caused by obstructions in the river created by respondents, he is entitled to recover irrespective of negligence; citing *Watkinson v. McCoy,* 23 Wash. 732, 63 Pac. 245, and other cases in which a similar doctrine is announced. The latter rule has become the established doctrine of this court. *Watkinson v. McCoy, supra; White v. Codd,* 39 Wash. 14, 80 Pac.

836; *Ingram v. Wishkah Boom Co.*, 35 Wash. 191, 77
Pac. 34; *Matthews v. Belfast Mfg. Co.*, 35 Wash. 662,
77 Pac. 1046; *Burrows v. Grays Harbor Boom Co.*, 44
Wash. 630, 87 Pac. 937.

"The case of *Mitchell v. Lea Lumber Co.*, cited by
respondents, does not announce a contrary rule. In that
case the rule announced is that no damages can be re-
covered for injuries which are the natural result of the
use of the stream as a highway. The court establishes
a rule where the damage is caused by the use of the
river in its natural condition, in which there can be no
recovery without a showing of negligence; while in
*Watkinson v. McCoy,* and other like cases, a rule is
established where the damage is caused by obstruc-
tions, splash dams, and other causes created by the
user of the river, in which case the injury must be
compensated for irrespective of negligence, so long as
it can be attributed to the obstruction created. There is
no conflict in these holdings."

Respondent does not seem to contend that this is not
the law, but seeks to bring his case within the rule an-
nounced in *Johnson v. Irvine Lumber Co.*, 75 Wash.
539, 135 Pac. 217; and on rehearing, 79 Wash. 520, 140
Pac. 577; and *Peterson v. Arland,* 79 Wash. 679, 141
Pac. 63. As we read these cases there was both
allegation and proof of negligence in each. Was there
any such here? The complaint charges;

"That defendants have been prosecuting the said
logging operations for more than three months last
past and delivering their said logs to the said river in
the manner aforesaid during all of said period. That
defendants have permitted the said logs to form a log
jam in said river opposite the said north half of said
Lot Five, causing the soil on the plaintiff's premises
to be cut away for a distance of from six to ten feet
laterally from the river and extending along the lineal
course of the said river for a distance of about two
hundred feet; that said log jam is now in existence
and the disintegration of the river bank is continuing;

that notwithstanding the defendants have full knowledge of the existence of the said jam and the great damage being done to plaintiff's premises, the defendants are now logging every day and continually delivering more logs to said river, which said logs are adding to the said jam daily and increasing the damage to plaintiff's property.''

While the word ''negligence'' is not here used, yet, under a liberal construction, as our rules require, this language might be held to charge negligence. Was there proof of negligence? Without attempting to set out the evidence, which was voluminous and involved, and giving to respondent the benefit of the doubt where the testimony was of such a character as to be liable to misconstruction by one unfamiliar with the setting and confined to the cold record, we, after a careful study, are convinced that the evidence preponderates against respondent on this point as well as upon the question of damages. We have well in mind the rule that the findings of the trial court will not be disturbed unless the evidence preponderates against them, but here the preponderance is so decisive and overwhelming, both in the number of witnesses and in the convincing force of the testimony given, that we may not hesitate. The respondent failed to prove a cause of action either for damages or for injunction.

The judgment is reversed, with directions to dismiss the action.

MAIN, C. J., PARKER, MITCHELL, and BRIDGES, JJ., concur.