[No. 20218.   Department Two.   March 10, 1927.]

DRAINAGE DISTRICT No. 6 OF SNOHOMISH COUNTY *et al.,*
Appellants, v. SNOHOMISH RIVER BOOM
COMPANY, *Respondent.*[1]

[1] LOGS AND LOGGING (10, 11)—INJURIES INCIDENT TO DRIVING—NEGLIGENCE—LIABILITY. A riparian owner on a navigable stream cannot recover damages from a booming company, using the stream in its natural condition and in a way for which it was adapted for booming logs, in the absence of allegation and proof of negligence.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered March 3, 1926, dismissing an action for damages, tried to the court. Affirmed.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,* for appellants.

*Horan & Mulvihill,* for respondent.

MACKINTOSH, C. J.—The appellant is organized under the drainage district law for the purpose of draining certain property on the Ebey slough, which is a navigable branch of the Snohomish river; and has constructed a dike along the slough bank. The respondent is organized as a boom company for the purpose of rafting, driving and booming logs; and on the Snohomish river, about a quarter of a mile above the entrance to Ebey slough, has maintained for more than twenty years a sheer boom for the purpose of diverting the logs coming downstream through the slough to its booming grounds below the slough's mouth. The appellant claims that, at three different times in 1924, its dike was damaged by log jams created by the respond-

¹Reported in 253 Pac. 1072.

ent, and in this action claims damages. In the respondent's answer, it denied any negligence and asserted that the damages, if any, were incidental to the use of the slough for logging purposes. From a judgment of dismissal, this appeal has been taken.

[1]   We are confronted with two questions—one of law and one of fact—the former being whether the appellant is entitled to recover, irrespective of any allegation or proof of negligence; and the second being whether there was any negligence shown, if appellant is compelled to allege and prove negligence.

In *Mitchell v. Lea Lumber Co.*, 43 Wash. 195, 86 Pac. 405, 10 Ann. Cas. 231, 9 L. R. A. (N. S.) 900, this court announced that a riparian owner could not recover from a booming company using a navigable stream where the damage was merely the natural result of the use of the stream, when the operations were conducted in a reasonably careful manner—in other words, that riparian owners could not complain of injuries which they might receive when a stream was being carefully used for a purpose for which it was naturally adapted.

In *Burrows v. Grays Harbor Boom Co.*, 44 Wash. 630, 87 Pac. 937, one of the cases relied on by the appellant, it was held that the riparian owner could recover in the absence of any showing of negligence, where the use that was being made of the stream was not a natural use, and that where an actual permanent taking and damaging occurred the boom company would have to respond in damages.

In *Gilson v. Cascade Lumber Co.*, 54 Wash. 289, 103 Pac. 11, this same doctrine was announced, and damages were allowed for injuries resulting from obstructions created by a boom company using the river in other than its natural condition.

In *Barry v. Murray*, 131 Wash. 670, 231 Pac. 10, it was determined that, in the absence of evidence of negligence in the floatage of logs in a river, the riparian owner could not recover for damages occasioned through the existence of log jams, recognizing the rule, as originally announced in *Mitchell v. Lea Lumber Co.*, *supra*, and reviewing the subsequent decisions of this court on the subject.

From these authorities it must appear that it was incumbent upon the appellant to allege and prove negligence; for the evidence in the case discloses that the stream was being used in its natural condition and in a way for which it was adapted.

The appellant having alleged negligence in its complaint, it therefore only becomes necessary to determine whether there was any proof to sustain that allegation. Without a recitation of the incidents claimed by the appellant to have occasioned it injury, it is enough to say that the testimony not only does not preponderate against the trial court's finding in this regard, but that our reading of it leads us to the same finding; and the judgment is therefore affirmed.

TOLMAN, BRIDGES, PARKER, and ASKREN, JJ., concur.