# CHARLESTON.

SPIKER *v.* BOHRER.

Submitted September 8, 1892.—Decided December 10, 1892.

1. ALLEGATIONS—PLEADING—RECITAL.

>It is a general rule of pleading that whatever facts are necessary to constitute the cause of action they must be directly and distinctly stated and not by way of recital.

2. ALLEGATIONS—PLEADING—RECITAL—DEMURRER.

>In actions of trespass or trespass on the case for torts, if the facts necessary to state a cause of action are stated under a *quod cum* or after a whereas, such mode of statement must be regarded as recital, and such count is fatally defective on general demurrer.

*W. H. Travers* for plaintiff in error, cited 12 S. E. Rep. 699; Rev. Code (1792) c. 76, § 27; Code (1819) c. 128, § 101; Code (1868) c. 125, § 29; 16 Gratt. 313; 11 W. Va. 107; 9 Gratt. 188; Bac. Abr. (Gwellin) 369; 2 H. & M. 595–602; 3 H. & M. 134; Bar. L. Pr. 105; 10 W. Va. 470, 474; 21 W. Va. 377; 27 W. Va. 32; Bar. L. Pr. 158; 26 Wis. 372; 2 Add. Tor. 521 (note); 2 Greenl. Ev. 505 (note); 53 Am. Dec. 338; Id. 345 (n.); 3 Lawy. Rep. 529.

*T. W. B. Duckwell* and *J. S. Wisner* for defendant in error, cited 1 Call 83; 2 Wash. 187; 2 Call 39; 2 Mass. 358; Bar. L. Pr. p. 105, s. 9; 22 W. Va. 255; Id. 271; 7 W. Va. 443; 3 Am. & Eng. Ency. L. 820; Harp. 83; 3 Nev. 141; 2 A. K. Marsh. 465; 30 Ga. 829; 59 Cal. 345; 3 Ind. 552; 10 Ia. 506; 18 Ia. 43; 6 La. Ann. 653; 72 Mo. 518; 2 Add. Torts 518; 11 East 23, 24; 2 Caines 292; 6 Rob. (N. Y.) 338; 32 Ia. 88; 30 Ia. 570.

ENGLISH, JUDGE:

This was an action of trespass on the case, brought by Harrison Spiker against C. H. Bohrer in the Circuit Court of Morgan county. The declaration contained but one count, and was demurred to, which demurrer was sustained, and the plaintiff obtained leave to file an amended declara-

tion, which amended declaration contained but one count, and reads as follows :

"Harrison Spiker complains of C. H. Bohrer in custody," *etc.*, "of a plea of trespass on the case, for that whereas the said defendant, contriving and wrongfully and justly intending to injure the said plaintiff, and to deprive him of his domestic peace and happiness, and of his comfort in the society of Mary Susan Mahan, his infant stepdaughter and servant, to wit, on the 1st day of May, 1888, and in divers other days and times between that day and the day of exhibiting this bill, at and in said county of Morgan debauched and carnally knew the said Mary Susan Mahan, then and there, and from thence for a long space of time, to wit, hitherto, being the stepdaughter and servant of the said plaintiff, whereby the said Mary Susan Mahan became sick and pregnant with child, and so continued for a long space of time, to wit, for the space of nine months next ensuing, whereby the said plaintiff during all that time lost and was deprived of, and continued to lose and be deprived of, his domestic peace and happiness, and his comfort in the society of his stepdaughter and servant. And also by means of the said several premises the said plaintiff was forced and obliged to and did necessarily pay, lay out, and expend divers sums of money, in the whole amounting to a large sum of money, to wit, the sum of one hundred dollars, in and about the nursing and taking care of the said Mary Susan Mahan, his stepdaughter and servant, to the damage of the plaintiff ten thousand dollars, and therefore he brings his suit."

This amended declaration was also demurred to by defendant, which demurrer was overruled, to which action of the court the defendant excepted, and on the 28th day of August, 1890, the defendant interposed a plea of not guilty, and the case was submitted to a jury, which, on the 1st day of September, 1890, resulted in a verdict in favor of the plaintiff for one thousand dollars, and thereupon the defendant, by his attorney, moved the court to set aside the verdict and grant a new trial—*First,* because the verdict was against the facts and weight of evidence ; *second,* because of misdirection of the court as to the law ; *third,* be-

cause the damages were excessive; which motion was overruled, and the defendant excepted, and the court proceeded to render judgment upon said verdict.

During the trial of said cause the defendant took several bills of exceptions, which were saved to him and made a part of the record in the cause; and from said judgment this writ of error was obtained.

The first error assigned by the defendant is to the ruling of the court in overruling said demurrer to said amended declaration because the same was defective in stating the grounds of action under a *quod cum* or whereas, the demurrer should have been sustained.

Bouvier, in his Law Dictionery, under the heading "Quod Cum," says: "In pleading; for that whereas; a form of introducing matter of inducement in those actions in which introductory matter is allowed to explain the nature of the claim, as *assumpsit* and case. This form is not allowable to introduce the matter which constitutes the *gravamen* of the charge, as such matter must be stated by positive averment, while *quod cum* introduces the matter which depends upon it by way of recital merely."

It will be perceived that this amended declaration contains no positive affirmative averment by reason of the fact that it commences with the words "for that whereas," and all that follows in the count is clearly by way of recital. By reason of the use of these words in the commencement we naturally look for some positive averment to follow as a deduction or sequence from the recital, but we look in vain, as the entire count is mere recital.

It is true that section 29 of chapter 125 of the Code provides that "on a demurrer (unless it be to a plea in abatement) the court shall not regard any defect or imperfection in the declaration or pleadings, whether it has heretofore been deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defence that judgment according to law and the very right of the cause can not be given," and section 9 of the same chapter provides that "no action shall abate for want of form where the declaration sets forth sufficient matter of substance for the court to proceed upon the merits of the case."

The first of these sections is found in the Code of 1849, and the same, in substance, is found in the Code of 1819; it being provided in section 101, c. 128, of the Code of 1819, that, "where a demurrer shall be joined in any action, the court shall not regard any other defect or imperfection in the writ, return, declaration, or pleading than what shall be specially alleged in the demurrer as causes. thereof, unless something so essential to the action or defence as that judgment, according to law and the very right of the case, can not be given, be omitted."

But by this section, it will be seen, a special demurrer was required to raise the questions. The revisors of the Code of 1849, in their report, state the object of this change as follows: "This action is so framed as to prevent a demurrer being sustained to any pleading for such matters of form as heretofore were required to be specially alleged by causes of demurrer, and which, if so alleged, were available. Its effect is to abolish special demurrers." Report of Revisors, p. 849, note.

This effect has been attributed to said statute by the court of appeals of Virginia in the case of *Smith's Adm'rs* v. *Lloyd's Ex'r*, 16 Gratt. 313. MONCURE, J. says, in speaking of a declaration the sufficiency of which he was considering: "But whether or not, according to the strict and technical rules of pleading, the averment, being in the very words of the deed, is sufficient, or should have been more specific, or should have been only of matter of fact, certainly the defect, if there be one, is only of form, and not of substance; and, since special demurrers have been abolished, is not now ground of demurrer;" quoting said section of the statute, showing that he thus construed its meaning.

If we examine the rulings of the court of appeals of Virginia on this question, we find that in the case of *Ballard* v. *Leavell*, 5 Call, 534, ROANE, J., in delivering his opinion, says: "In the case before us I am compelled to consider the declaration as radically defective in not making a positive charge of the trespass therein mentioned. Finding, in Bac. 345, a direct authority to the point, which was not cited at the bar, I shall rely on it, in addition to the cases which were cited. It is there held that the declaration must

contain such certain affirmation that it may be traversed; for, if there be no certain affirmation to make the declaration to itself traversable, it will not be cured after verdict because it is a defect in substance, as, if the declaration be *quod cum* the defendant assaulted him, and the defendant plead not guilty, here is nothing put in issue, for the pleadinge have affirmed nothing; and, though the defendant be found guilty, yet can not the plaintiff have judgment, because nothing is positively affirmed. This position is believed to be entirely supported by all the cases, ancient and modern, and has never been departed from, but in relation to declarations in the court of common pleas in England, and there only on the ground that the writ is incorporated with and made part of the declaration, and is considered to cure the defect. This has never, however, been holden to be the law in the court of king's bench, except when acting as a court of error upon proceedings in the court of common pleas. However the statute of jeofails may be construed to operate, it has often been decided here that it did not extend to cure an omission to state the very substance and gist of the action;" citing *Winston* v. *Francisco,* 2 Wash. (Va.) 187.

In the case of *Hord's Ex'x* v. *Dishman,* 2 H. & M. 602, the same judge, in his opinion, says: "On the point of *quod cum* the declaration in the present case is precisely like the one in the case of *Bailard* v. *Leavell.* In that case I declared it as my opinion, on due deliberation, that for this cause the declaration was faulty in substance, because nothing was positively averred nor put in issue; that, the averment being the substance and gist of the action, the omission of it was not cured by the statute of jeofails; and that the plaintiff could not have judgment on the declaration. To my opinion in that case I beg leave to refer as the ground of my present opinion. It was said by one of the judges in that case that the *quod cum* was mere surplusage, and could do no harm. I can not subscribe, however, to that opinion. An averment in itself positive may be rendered otherwise by the insertion of qualifying words, and this I take to be the effect of the *quod cum* in the case before us."

Judge TUCKER, in the case of *Moore's Adm'r* v. *Dawney,*

3 H. & M. 134, after speaking of the facts of the case, said: "It was, however, noticed at the bar, though not by the leading counsel for the appellant, that this declaration, like that of *Hord's Ex'x* v. *Dishman*, a few days' past, begins with a whereas, although the action is in trespass. This we have decided was an incurable defect upon a general demurrer. The inclination of my mind then was to hope that it might be aided by our statute of jeofails after a verdict; but I am reluctantly compelled to abandon that hope. After an attentive consideration of the principles settled in this Court in the cases of *Winston* v. *Francisco*, 2 Wash. (Va.) 187; *Chichester* v. *Vass*, 1 Call, 83; and *Cooke* v. *Simms*, 2 Call, 39—I am convinced we can not sustain this declaration. In every action at common-law there must be an affirmative and a negative to make an issue. Here there is no affirmative; the whole declaration is mere recital, leading to an affirmative, but not containing one. And, though the statute of jeofails will aid many omisions after a verdict, it will not cure the defect in a declaration, in which the very gist of the action is omitted to be charged."

Stephens on Pleadings, p. 340, rule 5, under the heading "Pleadings must not be by way of recital, but must be positive in their form," says: "The following example may be adduced to illustrate this kind of fault: If a declaration in trespass for assault and battery make the charge in the following form of expression: 'And thereupon the said A. B., by * * *, his attorney, complains, for that whereas, the said C. D., heretofore, to wit,' *etc.*, 'made an assault' *etc.*, instead of 'for that the said C. D., heretofore, to wit,' *etc.*, 'made an assault,' *etc.;* this is bad, for nothing is positively affirmed."

Mr. Minor (4 Minor, Inst. 1017, 1018) says: "Pleadings must not be by way of recital, but must be positive in their form. This fault in pleading is particularly liable to occur in action of trespass for torts, where the declaration begins the statement of the cause of action with a *quod cum*—for that whereas. This is a flagrant error in pleading, still fatal on demurrer, and formerly in arrest of judgment also, and on writ of error."

See, also, Bart. Law Pr. p. 105, where the same in substance is said.

In the case of *Burton* v. *Hansford,* 10 W. Va. 475, GREEN, P., in delivering the opinion of the Court, says: "Upon the question whether it is a fatal defect for a declaration to state under a *quod cum* or after a 'whereas' any fact necessary to constitute a cause of action, there have been a number of Virginia decisions. The court of appeals of Virginia has decided that both in actions of trespass and of trespass on the case for torts such a mode of stating such a fact is fatally defective on general demurrer to the declaration, or prior to the amendment of the statute of jeofails suits above quoted in the Revised Code of 1819 it was equally fatal even after verdict;" citing *Ballard* v. *Leavell,* 5 Call, 531 ; *Moore's Adm'r* v. *Dawney,* 3 H. & M. 127 ; *Lomax* v. *Hord,* Id. 271 ; and, *Donaghe* v. *Rankin,* 4 Munf. 261. And these authorities, he says, are in accord with the old English authorities, citing several.

Again, he says in the same opinion : "But it will be observed that in all these in which it has been held a fatal defect in a declaration to state a fact necessary to sustain the action under a *quod cum* or after a 'whereas' were actions of tort, and, though it may be difficult to assign any good reason for a difference, yet a distinction has been taken between declaration in tort and those based on contracts."

The first point of the syllabus in that case reads as follows: "It is a general rule that whatever facts are necessary to constitute the cause of action must be directly and distinctly stated in the declaration ; but a general *indebitatus assumpsit* count in a declaration, concluding: 'And whereas, the defendants afterwards, to wit, on the day and year aforesaid, in consideration of the premises, then and there promised to pay the said sum of money to the plaintiff on request, yet they have disregarded their promises, and have not paid the same, or any part thereof, to the plaintiff's damage one thousand dollars, and therefore they bring suit, *etc.*—is nevertheless good on general demurrer."

See, also, *Sheppard* v. *Insurance Co.,* 21 W. Va. 377, and the case of *Battrell* v. *Railway Co.,* 34 W. Va. 232 (12 S. E. Rep. 699) in both of which the general rule that whatever facts are necesary to constitute the cause of action must be directly and distinctly stated, and not by way of recital,

has been reiterated, although, in the first-named case, GREEN, J., in delivering the opinion, makes an exception of the action of *assumpsit*, saying: "If, in *assumpsit* in the common *indebitatus* count, the promise is stated after a whereas, though the promise is the very gist of the action, yet such a count so framed will be held good on demurrer;" citing *Burton* v. *Hansford*, 10 W. Va. 470.

And he further says: "This conclusion was reached because this was the manner in which the judges of England had prescribed for such a count in an action of *assumpsit ;* * * * and, while the Virginia courts had repeatedly sustained demurrers in other forms of action because necessary facts were not stated in the declarations positively, but by way of recital after a whereas, yet they had never held that a demurrer to a count in a declaration in *indebitatus assumpsit* would be defective because the promise was stated after a whereas."

Having reached the conclusion from the foregoing authorities that the plaintiff's declaration was insufficient, and that the defendant's demurrer thereto should have been sustained, it is unnecessary that we should consider the assignments of error as to the subsequent proceedings; but, as the case must be remanded, there is one question suggested in the assignment of errors that it may be well enough to indicate our opinion upon, and that is under the third assignment of error, that it was error to qualify the admission of the testimony of the absent witnesses in the manner in which it was allowed by the court to go to the jury.

It appears that counsel for plaintiff expressed their willingness to admit the facts stated in the affidavits for continuance to the extent, and no further, "that the said witness, if present, would make statement of facts as set forth in said affidavits ;" to which form of admission the defendant, by his counsel, objected, which objection was overruled by the court. This action of the court we regard as erroneous, the true rule being that the admission of the testimony of said absent witnesses should have been as facts proven and undeniable in the cause, and not that the witnesses, if present, would have testified to the facts as stated

in the affidavits in support of a motion for a continuance.

Barton, in his Law Practice (page 158) states the rule thus: "If a motion is made for a continuance on account of the absence of the same witness, a wise rule, which has been adopted in some of the circuits of the State, is to compel the party for whom he is called to testify to state in writing what he proposes to prove by him, and, if the other side is content to admit that statement as facts proven in the cause, then he will not be entitled to a continuance on account of the absence of that witness. This rule has been approved by the court of appeals, only upon the ground, however, that the court may suspect that the party asking a continuance is mistaken as to the materiality of the testimony, or is influenced by a desire to delay the trial unnecessarily."

Our conclusion is, therefore, that the judgment complained of must be reversed, the verdict set aside, and the cause remanded to the Circuit Court of Morgan county for further proceedings to be had therein, with leave to the plaintiff to amend his declaration, if he so desire; and the defendant in error must pay the costs of this writ of error.

REVERSED.   REMANDED.