# CHARLESTON.

## LOVEJOY *v.* CHESAPEAKE & O. R'Y Co.

Submitted January 20, 1896—Decided March 21, 1896.

RAILROAD COMPANIES—UNAVOIDABLE ACCIDENT.

> A case in which the engineer and fireman kept a proper outlook along the track in front of the running train, saw a mule come on the track two hundred or three hundred feet ahead, sounded the stock alarm, put on the air brakes, shut off steam, did all that could reasonably be required to prevent the injury, but the train could not have been stopped within the given distance. *Held,* the killing of the mule is regarded in law as an unavoidable accident, and the railroad company is not responsible therefor.

SIMMS & ENSLOW, for plaintiff in error, cited 9 W. Va. 252; 17 W. Va. 190; 15 W. Va. 628; 35 Iowa 191; 38 W. Va 694; 29 S. W. Rep. 320; Patt. R'y Ac. Law, § 35; Shear. & Red. Neg. § 429.

McCALLISTER & BLACKWOOD, for defendant in error, cited 38 W. Va. 694; 25 W. Va. 576; 12 W. Va. 116; 23 W. Va. 237.

HOLT, PRESIDENT:

On writ of error from a judgment of the Circuit Court of Cabell county, rendered on the 4th day of April, 1895, in favor of Lovejoy against defendant, for one hundred and fifty dollars damages for killing stock on the track.

The facts are as follows: On the 5th day of May, 1894, a freight train of defendant, of twenty six cars, about nine hundred feet long, was running west near Ona station, at a speed of from twenty to twenty four miles an hour. Plaintiff had turned his mules out of the field, and they came up on to the embankment and the railroad track about two hundred or three hundred feet in front of the train. The engineer and fireman were both on the outlook, and saw the mules as they came on the track. The engineer immediately sounded the stock alarm, put on the air brake, and reversed the engine. One mule crossed over. The other turned down the track, was overtaken and killed by the slowing up train, after running down the track about one hundred feet. Such a freight train, running at that speed, could not have been stopped within a less distance than one thousand three hundred feet.

It is enough to say that the evidence, direct and circumstantial, clearly shows that the defendant used due care and diligence in keeping an outlook, and in trying to prevent the train from injuring the mule, and that under none of the evidence, and in no aspect of the case, could the train have been stopped so as not to strike the mule which remained on the track.

Instruction No. 2, given by the court for defendant, was as follows: "The court instructs the jury that if they believe from the evidence that the engineer could not stop

his train, or, by the use of due care and diligence, could not have prevented his train from injuring the mule, after it came upon the track, then they must find for the defendant." None of the evidence warranted the finding of the jury, and it was contrary to the law as given them by the court.

In this case the killing of the mule is regarded in law as an inevitable or unavoidable accident, for which the railroad company is not responsible. *Toudy* v. *Railroad Co.*, 38 W. Va. 694 (18 S. E. 896). Therefore the judgment is reversed, the verdict set aside, and a new trial awarded.