## CHARLESTON.

BOWER *v.* VIRGINIAN RAILWAY CO.

Submitted September 12, 1912.   Decided September 30, 1913.

RAILROADS—*Injury to Live Stock—Evidence.*
     Demurrer to evidence rightly sustained.

Error to Circuit Court, Raleigh County.

Action by R. L. Bower against the Virginian Railway
Company.

Demurrer to the evidence sustained, and plaintiff brings error.
                                                    *Affirmed.*

*File & File,* for plaintiff in error.

*McGinnis & Hatcher, G. A. Wingfield,* and *E. W. Knight,*
for defendant in error.

ROBINSON, JUDGE:

Did the court err in sustaining defendant's demurrer to the
evidence? In other words, could the jury have found from the
evidence that defendant's servants in charge of a heavy freight
train were negligent in running the train on plaintiff's horse so
that the animal was lost to plaintiff?

We are of opinion that the court's action is right. None of
plaintiff's witnesses saw the train run on the horse. They main-
ly speak from what they observed as to the horses tracks on
the road-bed of the railroad. One of them was riding in the
caboose of the train, but his testimony by no means estab-
lishes negligence. The mere absence of a continuous blowing
of the whistle, or the failure to stop the train with a jolt, do
not, under the circumstances presented, make negligence. Plain-
tiffs witnesses do not show that the train could have been
stopped in time to prevent injury. On the other hand, the
sole witness for defendant, the engineer, testifies to decisive
facts wholly uncontradicted in the case—that he used every
reasonable precaution to protect the horse from injury, that he
made every effort to stop the train as soon as the horse darted

to the roadbed from where is was grazing fifty feet away, and that the train could not have been stopped in a shorter distance than that in which it was stopped. All that plaintiff's witnesses say may be true, and still all that the engineer says as to the exercise of due care on his part and as to his inability to stop in a shorter distance may be true.

The testimony simply showing the distance the horse had run on the roadbed, as determined from the tracks of the animal, does not establish that the train could have been stopped in that distance. The jury could not merely infer that such distance was that in which the brakes on a heavy freight train going down grade could be put on with proper regard for the safety of the train and the train be brought to a standstill. If the engineer's uncontradicted testimony as to facts decisive in the case were false, plaintiff should have produced contradiction thereof, otherwise the engineer's testimony in such particular can not be disregarded. Quite clearly, if the case had gone to the jury and a verdict for plaintiff had been found, it would have been the duty of the court, on motion, to set the same aside. Therefore, defendant's demurrer was well taken. *Dempsey* v. *Norfolk & Western Ry. Co.*, 69 W. Va. 271. The judgment will be affirmed.

*Affirmed.*