# CHARLESTON.

## GOULD v. COAL & COKE RAILWAY COMPANY.

Submitted February 18, 1914.   Decided March 31, 1914.

1. PLEADING—*Declarations—Sufficiency of Allegations.*
    In an action on the case for damages for killing plaintiff's horse by a railway company, the declaration should allege clearly and distinctly the cause of action; and a count therein reciting the supposed cause of action under a whereas, a *cum quod*, is fatally defective on demurrer. (p. 8).

2. RAILROADS—*Injuries to Animals.*
    A case in which the alleged negligent killing or causing the death of plaintiff's horse is not sustained by the proof, and defendant's demurrer thereto was erroneously overruled   (p. 9).

Error to Circuit Court, Upshur County.

Action by Arthur Gould against Coal & Coke Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed and Entered.*

*U. G. Young,* for plaintiff in error.

*J. M. N. Downes,* for defendant in error.

MILLER, PRESIDENT:

In an action for damages against the railway company for

killing the plaintiff's horse, the first error assigned is that
the court below erroneously overruled defendant's demurrer
to plaintiff's amended declaration.  We think the first count
is defective, and the second is fatally so, and that the demurrer
to the second count should have been sustained.  As to the first
it is next to impossible for the court to say whether the pleader
relies on negligence of defendant· to build and maintain a
suitable (lawful) fence, or negligence in operating its train
and running upon the horse.  As the second count is confined
to the supposed negligence of defendant in operating the train
it is likely the pleader originally intended in the first count to
state a case of negligence in failing to maintain a suitable
fence; but after averring such negligence the pleader passes
directly to an averment that defendant owned and possessed
a certain locomotive engine with cars attached, which were
then under the control of its servants, and who were driving
the same over its railroad where it passes through plaintiff's
lands, and that while plaintiff's horse was on said track by
reason of defendant's negligence to build and maintain such
fence, said servants so drove said locomotive engine that by
the negligence and improper conduct of defendant the same
then and there ran upon plaintiff's horse hurting him and by
reason of which he died.

On demurrer plaintiff by amendment struck out of the
declaration the words ''carelessly and improperly'' before the
words ''drove and managed the said locomotive,'' &c., thereby
indicating an intention not to charge negligence in the opera-
tion of the train.  While we do not say the count is so bad
that a verdict upon it could not stand, we do say it is very
uncertain and defective in the particulars indicated, and ought
to have been made specific and certain.  The second count is
clearly bad because the facts are all recited under a whereas.
Such defects are not mere defects in form, but in substance,
and are condemned by all the authorities. *Spiker* v. *Bohrer,*
37 W. Va. 258.  See, also, 11 Ency. Dig. Va. & W. Va. Rep.
239; *Id.* 831; 15 *Id.* 808.

Assuming as plaintiff's counsel does that the first count is
sufficient to charge negligence, not only in not maintaining
a suitable fence, resulting in the killing of the horse, but as

also charging negligent operation of defendant's train, in running it upon his horse and injuring it from which it died, both of which acts of negligence plaintiff undertook to establish by proof, we are of opinion that the defendant's demurrer to plaintiff's evidence ought to have been sustained.

The only proof of negligence in failing to build and maintain the fence is that one of the bars at the farm crossing, which bars were entirely under the management and control of plaintiff, and who the evidence shows suffered and permitted other persons to use the same, had been broken some time prior to the injury to the horse. A couple of years prior to that time defendant on notice by plaintiff had repaired the bars, and had had no notice afterwards of any defect in the bars, and none was observed by the trackmen thereafter. On the morning of the injury to the horse two of the bars were down, and there were evidences on the ground on both sides of the bars where the horse had been feeding. This evidence shows no negligence of defendant justifying recovery in failing to build and maintain a suitable fence.

And on the theory of negligent operation of the train and running it upon the horse the evidence is equally deficient. No one saw the alleged accident. The trainmen in charge of the train did not see the horse, and were insensible of having run upon a horse at the time and place alleged. The injury to the horse might have been the result of its having crossed on a trestle, some distance from where it went upon the track. There were evidences on the trestle and on the horse as well as other facts and circumstances indicating injury in that way, and as the trainmen say they did not see the horse and did not run upon it, and no one else saw them do so, we think the evidence wholly insufficient. If the horse had been on the track at the time the train passed the trainmen could and would no doubt have seen him, but they did not. The railroad company cannot be rendered liable on bare supposition. There must be substantial evidence of negligent killing before it is liable for such injuries.

The judgment below will, therefore, be reversed, and a judgment entered here sustaining the demurrer to plaintiff's evidence and of nil capiat.

*Reversed and Entered.*