# CHARLESTON.

McCreary v. Chesapeake & Ohio Railway Co.

Submitted November 30, 1915.   Decided December 7, 1915.

1. Negligence—*Proof of Negligence—Requisites.*
    When alleged as the basis for recovery in an action, negligence, or the facts and circumstances reasonably justifying an inference of negligence, must be proved like any other facts necessary to entitle plaintiff to a .verdict and judgment in his favor.   (p. 306).

2. Railroads—*Killing of Animals—Negligence—Failure to Enclose Right of Way—Presumption.*
    In the absence of proof showing the acquisition of its railroad right of way by. condemnation,. negligence can not be imputed to a railroad company merely because of its failure to enclose such right of way.   (p. 306).

3. Justices of the Peace—*Right of Appeal—Parties.*
    Under the provisions of §163, ch. 50, Code,. an appeal lies from the judgment of a justice, though defendant did not appear in response to the process served on him, except to ask for such appeal and tender the required bond therefor.   (p. 308).

Error to Circuit Court, Greenbrier County.

Action by W. E. McCreary againts the Chesapeake & Ohio Railway Company.   Judgment for plaintiff, and defendant brings error.

*Reversed, and new trial awarded.*

*Enslow, Fitzpatrick, Alderson & Baker,* for plaintiff in error.

*Preston & Preston,* for defendant in error.

Lynch, Judge:

In this action, commenced by W. E. McCreary before a justice, against the Chesapeake & Ohio Railway Company, to recover damages for the killing of a horse by defendant's train near Tuckahoe in Greenbrier county July 8, 1910, plaintiff obtained in the circuit court the judgment brought here by defendant on writ of error.

The accident occurred near the western portal of a tunnel on defendant's line of railroad. No one saw the injury inflicted; and only two witnesses testified on the trial, the plaintiff in his own behalf, the engineer for defendant. Whether the engine collided with the horse while in the tunnel, or immediately after it passed the portal, is a question left in doubt by the proof on that subject, and not material. The animal killed escaped from the pasture field, and "went up by the depot and got on the railroad track". So plaintiff testified, as he also did that "the railroad at that place between the station at Tuckahoe and Allegheny has a tunnel possibly a mile long, or nearly a mile, which is absolutely straight. There is a curve, a little bit of a curve, coming into the station at Tuckahoe. I do not know what degree. But on ordinary occasions I believe the railroad people could have saved my horse. The fact is the agent knew it, and I expected him to be here, but I would not continue the case. He knew the horse was on the track, and he does not say he had time to get him off, or didn't, and I believe the railroad owes me for this horse. * * * They have no fence or anything to keep the horse off. I turned him out on my place. * * * The horse was killed very close to the mouth of the tunnel. * * * You can see from the east end of the Allegheny tunnel to the west end. I do not say you could see a horse standing in the mouth of the tunnel, but when the smoke is not in that tunnel you can see through very easily. You can see the signal I believe right above the station. I think you can see that before you go out of the tunnel; the railroad witness will tell you that".

From what source the information was obtained on which was based the statement that defendant's station agent knew the horse was on the track, or, if he did know, whether he

saw it in time to prevent the injury, plaintiff did not state. Other persons may have communicated that fact to him, if fact it was, or he may have heard or they may have told him what was not true. But, conceding the admissibility of such proof and the verity of all matters detailed by plaintiff, it does not disclose in what particulars the railroad company was negligent in the operation of its trains, or that the agent saw the precarious situation of the horse in time to avoid injury to it, if he saw it at all. All such evidence shows is that plaintiff's horse was on the railroad track, and was killed. But the mere killing does not establish negligence. Negligence is a fact, and must be proved in the same manner and to the same extent as any other fact essential to a recovery. The facts detailed by plaintiff, as the only witness testifying in his behalf, do not show negligence, or facts and circumstances from which the jury could reasonably infer negligent or unskillful operation of the train at the time and place of the injury, or failure of any agent or employee of the company fully to perform any duty due plaintiff in respect to his property. Nor can negligence be inferred from the failure of defendant to fence its right of way at or near the place of injury, in the absence of proof showing it acquired such way by condemnation. *Starks* v. *Railroad Co.*, decided November 9, 1915.

Long, the engineer in charge of the train that caused the injury, testified for defendant that the first section of the westbound fast freight train (his being the second), having preceded him less than an hour before the injury occurred, had filled the tunnel with smoke, thus preventing him from seeing any obstruction on the track while therein or near the western portal, and that consequently he did not see and could not have seen the horse in time to avoid the accident. To use his own language: "Nothing unusual happened from Clifton Forge until I got to the west end of Allegheny tunnel, which is just east of Tuckahoe, about 125 yards, to the best of my knowledge. Gravel and rocks were flying against the windows of my cab, and I smelled hair, which you can always smell when you hit stock, and I applied my air brakes and emergency and stopped as soon as I could. I suppose I ran about 12 box car lengths of about 36 feet when I stopped, and

had about 12 cars in the tunnel, when I found something was under the engine. I could not see on account of smoke, and after I stopped my fireman went out and told me a horse was partly under the pilot; must have knocked him down just as we came out of the tunnel, but we could not see anything on account of the smoke, and could not see until after we got out and stopped''. This witness further explained that the ground on both sides of the track at the exit from the tunnel was ''rough and hilly and rocky. You can not see anything outside the tunnel when on the track in the cut, nor when you are on the engine in the tunnel. * * * On account of the smoke being so bad this day, I slowed up more than usual, because you can not see the block until you get out of that tunnel some 30 yards, and if I did not stop in that position I would have had to stop at 25 or 30 car lengths, and on account of the smoke I came out slower''.

If it could reasonably be said that the testimony of plaintiff himself made out a prima facie case of negligence, a conclusion we do not deem justified by the facts detailed by him, the testimony introduced by the defendant clearly negatives the fact of negligence.

Indeed, defendant in error does not seriously contend that the evidence is sufficient to sustain the verdict and the judgment rendered thereon. In the main, he addresses his argument to the right of appeal from the judgment of the justice to the circuit court, defendant not having appeared before the justice except to ask for an appeal and tender the requisite bond therefor. As this right was not challenged in the trial court, defendant in error confines his citations of authority to the inquiry whether he may here for the first time question the jurisdiction of the lower court.

Conceding for the purposes of this case the appropriateness of that procedure, we can not acquiesce in the conclusion, reached by defendant in error, that a failure to appear, plead and participate in a trial before a justice precludes appeal to the circuit court by a defendant against whom judgment is rendered by such officer. Since the enactment of §163, ch. 50, Code, whereon he bases his argument, providing that ''in all cases an appeal shall lie, under the regulations herein, from the judgment of a justice to the circuit court of the county,

when the amount in controversy on the trial before the justice exceeds fifteen dollars'', the right of appeal, upon compliance with such regulations, has seldom been denied or questioned. True, some of our earlier cases, as *Barlow* v. *Daniels*, 25 W. Va. 505, *Hall* v. *Wadsworth*, 30 W. Va. 55, *Hickman* v. *Railway Co.*, 30 W. Va. 296; *Barker* v. *Walton*, 31 W. Va. 468, and *Woodford* v. *Hull*, 31 W. Va. 470, held that, under the constitution of this state, the judgment of a justice rendered upon the verdict of a jury in an action for tort or damages, whether defense was made thereto or not, can not be tried *de novo* by the circuit court. But the doctrine laid down by them was disapproved in *Richmond* v. *Henderson*, 48 W. Va. 389, holding that an appeal lies from the judgment of a justice rendered upon the verdict of a jury, just as in cases tried by him without a jury. And in *Sewing Machine Co.* v. *Floding*, 27 W. Va. 540, we held that a party against whom such judgment was rendered is entitled to an appeal as matter of right, upon compliance with the provisions of chapter 50. To deny defendant the right to appeal from a judgment rendered in his absence by a justice of the peace would uproot a practice long acquiesced in by members of the bar, and justified, we think, by a reasonable construction of §163, read in the light of other provisions of the chapter.

We are therefore of opinion to reverse the judgment, and remand the case for new trial.

*Reversed, and new trial awarded.*