# CHARLESTON.

UNDERWOOD v. CHESAPEAKE & OHIO RAILWAY CO.

Submitted May 9, 1916.   Decided May 16, 1916.

1. RAILROADS—*Operation—Injuries to Animals—Burden of Proof.*
   Negligence justifying recovery against a railway company for killing dumb animals on the track must be established either by positive proof of the fact, or by facts proven from which negligence may reasonably be inferred, and the burden is upon the plaintiff to show negligence.   (p. 410).

2. SAME—*Operation—Injuries to Animals—Sufficiency of Evidence.*
   Held in this case that there was no positive evidence of negligence, and that the facts proven did not justify the jury in inferring negligence.   (p. 410).

Error to Circuit Court, Pocahontas County.

Action by Rittie Underwood against the Chesapeake & Ohio Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed and new trial awarded.*

*Enslow, Fitzpatrick, Alderson & Baker,* for plaintiff in error.

*Price & McNeel,* for defendant in error.

MILLER, JUDGE:

An action begun by plaintiff against defendant before a justice for damages for killing two cows, the first a black one, on June 6, and the other, a spotted cow, on June 24, of the same year, tried on appeal to the circuit court, and resulting in a verdict and judgment for plaintiff for one hundred and thirty five dollars.

On the present writ of error, the only point relied on, presented by the several exceptions to the rulings of the trial court, is that there was no evidence of negligence justifying the verdict against defendant.

The case stands upon the plaintiff's evidence, defendant having offered no evidence. No one witnessed the killing of the cows, but from the facts proven the jury might reasonably

infer that they were killed by trains of the defendant company; but the decisive point is, was the jury justified in inferring negligence when no witness testified to the fact of negligence.

Negligence must appear and the burden of proving negligence, as many times decided, is upon the plaintiff. *Harvey Coal & Coke Co.* v. *C. & O. Ry. Co.,* 69 W. Va. 228; *Talbott* v. *W. Va. Cent. & P. Ry. Co.,* 42 W. Va. 560; *Layne* v. *Ohio River R. Co.,* 35 W. Va. 438.

With respect to live stock it is the duty of the trainmen of a railway company, consistently with their other duties, to keep a lookout for stock astray upon the track, and if by the exercise of ordinary care the killing of such animals can be avoided the railway company is liable, though they may not have been seen in time to avoid injuring or killing them. But as we said in *Carper* v. *Monongahela Valley Traction Co.,* 78 W. Va. 282, at the present term, ordinary care does not mean extraordinary care, but such care as the employees of the railway company under all the circumstances and consistently with their other duties should have observed with respect to dumb animals upon the track.

The evidence respecting the black cow is that she was killed after dark at a small flag station called Burnside by a freight train, on the night in question. No witness testified to having seen the accident. The evidence tended to show that she was struck right opposite the platform at the station. One witness who examined the place the next morning says: "I seen where she was on the platform,—like she had been standing on the platform and had started—looked as if she had got up to go across the track when the train struck her, and it knocked her across the platform and across the culvert and in next to the river, in a ditch." As stated, Burnside was a flag station, and freight trains did not stop there, and passenger trains only stopped on signal. The evidence tends to show that an object on the track at the station could be seen in the direction the train was running for a distance of about one hundred yards, and that it was customary to flag the passenger trains after coming in sight at that point; but would a jury be reasonably justified in inferring negligence from the

fact that a black cow, in the night time, lying or standing on the platform at the little railway station, suddenly got up and attempted to cross the track in front of an oncoming train? We do not think so. There was no evidence that the cow had been walking along or upon the track in front of the train before she was hit by the train and so as to have been in plain view of the trainmen. If as is altogether likely she was lying down, and as the train approached the station, she suddently got up and thrust herself in front of the train and was injured, no negligence could be imputed to the trainmen.

As to the spotted cow, supposed to have been killed by a passenger train, no witness saw the train strike her. She is supposed to have been killed by a passenger train about six o'clock in the evening; but it is mere supposition, for she was not found until the next morning, and when found was lying some distance from the track opposite a curve on a steep bank, on a steep hillside. There were some evidences near by that she had been feeding near the track. One witness says: "looked as if she had been feeding down the railroad near the ties and when the train came close to her it looked as if she had wheeled and started to go back up the railroad, then it struck her." The only other evidence relied on to show negligence is that an object on the track opposite the curve where this cow was found can be seen in the day time for the distance of about one hundred and fifty yards in either direction. But if the cow had been moving in the direction opposite to that in which the train was going might they not have met right at the curve, or so near thereto that the trainmen were unable to see her until just before hitting her. In the absence of any positive evidence as to what train killed this cow, and whether in the day time or in the night time, we do not see how negligence can be reasonably inferred from the facts proven. Counsel for plaintiff rely on *Heard* v. *C. & O. Railway Co.*, 26 W. Va. 455, for the proposition that the jury may when the evidence justifies it reasonably infer negligence. This is true, but facts must appear from which negligence can reasonably be inferred; mere possibility or supposition will not do. The evidence in the Heard Case presented quite a different state of facts from the evidence in the case here, and

justified the finding of the jury. We do not think the evidence in this case is sufficient to sustain the verdict.

Judgment reversed and new trial awarded.

*Reversed, and new trial awarded.*