# CHARLESTON.

JOHN KAY, SR. V. DIRECTOR GENERAL OF RAILROADS.

Submitted March 23, 1920.   Decided March 30, 1920.

RAILROADS—*Circumstantial Evidence—Injury to Animal by Train.*

> To fix liability upon a railroad company for injury to cattle, while trespassing upon its track in the night time, in the absence of direct evidence of infliction thereof of its trains and of defensive evidence tending to rebut inferences of negligence arising from the circumstantial evidence, it suffices to prove hoof-prints of the cattle on the track about 200 feet in advance of the point of collision, leading to it; a practically straight track for a distance of a quarter or half of a mile in the direction from which the train probably came, permitting the rays of the headlight to fall upon the track at all points, as it approached; the presence of the injured and mutilated bodies of the cattle by the side of the track on the following morning; and the opinions of witnesses, based upon appearances of the bodies and the condition of the rails and track, that the injury had been inflicted by a passing train.

Error to Circuit Court, Mason County.

Action by John Kay, Sr., against the Director General of Railroads.   Verdict for plaintiff, motion to set aside verdict overruled, and defendant brings error.

*Affirmed.*

*W. N. King* and *Leroy Allebach,* for plaintiff in error.

*J. E. Beller,* for defendant in error.

POFFENBAGER, JUDGE:

This writ of error goes to a judgment rendered in an action for recovery of damages for alleged negligent killing of a steer and injury to another.   The defendant allowed the case to go to the jury, without defensive evidence, on the theory of insufficiency of the plaintiff's evidence to sustain a verdict.   It moved

to strike out the evidence adduced, and, its motion having been overruled and a verdict found for the plaintiff, it attacked the verdict by a motion to set aside, which the court overruled.

If there were any eye-witnesses to the collision between the train and the cattle, they were servants of the defendant in charge of the train at the time, and their testimony was not taken. The accident occurred in the night time and the owner of the cattle seems not to have discovered the injury until the next morning. The steers are supposed to have passed from plaintiff's enclosure through a division fence, to premises of a neighbor, and thence to the railroad property. Their hoof-prints on the railroad indicate that they traveled about 200 feet thereon, in the direction in which the train ran, before they were struck. Their bodies were found on opposite sides of the track, but not at the same place, on an admittedly straight stretch of the railroad, and not more than 200 or 300 feet from a point at which the approaching train had come around a curve in the road, on the extent and character of which, as well as the nature of the ground and the time of the occurrence, the right of the case depends. In the day time, the cattle would have been visible for a distance amply sufficient for avoidance of injury by discovery and stopping of the train, for the ground was smooth and the view unobstructed. If the track had been straight, the headlight would probably have disclosed their presence at night, in time to have saved them. Plaintiff and his witnesses admitted the existence and proximity of the curve, but he and one of his witnesses said it was very slight. He swore he thought it was not sufficient to prevent the rays from the headlight from falling on the track, nor to take them from the track at any point. The other witness described it as follows: "There is a little bit of a curve; it is so little that it don't show; you can't hardly detect it in the side of the track."

Duty on the part of the defendant, to maintain a lookout for animals trespassing on its track, at night, is not denied, nor could it be consistently with law. *Hanger Bros.* v. *C. & O. Railway Co.,* 70 W. Va. 215; *Alabama etc. R. Co.* v. *Jones,* 71 Ala. 487; *Louisville etc. R. Co.* v. *Melton,* 2 Lea. (Tenn.) 262; *Jonesboro etc. R. Co.* v. *Guest,* (Ark.) 99 S. W. 71; Elliott, Railroads, sec. 1205. The theory of a sudden entry

of the animals upon the track, in front of the train, which, if sustained by positive evidence or presumption, would class the case with *Harvey C. & C. Co.* v. *C. & O. Railway Co.*, 69 W. Va. 228; *Lovejoy* v. *C. & O. Railway Co.*, 41 W. Va. 693, and *Toudy* v. *N. & W. Railway Co.*, 38 W. Va. 694, is negatived and excluded by facts tending to prove they had been on the track for several minutes before they were struck.

Lack of direct and positive evidence of the killing of, and injury to, the cattle by one of the defendant's trains, did not preclude a finding of that fact by the jury, for reasons so obvious that it is really unnecessary to state them. Circumstantial evidence, with or without the aid of common knowledge available to juries as well as the courts, supplies lack of direct proof in cases of this kind. *Underwood* v. *C. & O. Railway Co.*, 78 W. Va. 409; *Gould* v. *Coal and Coke R. Co.*, 74 W. Va. 8, impliedly asserting the proposition. It is manifestly immaterial whether the injury was occasioned by a passenger train, a freight train or a work train. The duty to maintain a lookout and to have the engines equipped with suitable headlights is imposed upon railroad companies in respect of all of their trains. The character of the ground and track and other facts the jury were warranted in finding from the evidence, justified the further findings, in the absence of proof to the contrary, that a proper lookout was not maintained and that the failure to maintain it was the proximate cause of the injury. The authorities relied upon in resistance of this conclusion are not inconsistent with it. In *Gould* v. *Coal & Coke Ry. Co.*, cited there was evidence tending to prove the horse had hurt itself in crossing a trestle, and, besides, the evidence of the trainmen, swearing they had not seen it at all, tended to repel the inference of negligence arising from the circumstances. In *Bower* v. *Virginian Railway Co.*, 72 W. Va. 737, there was positive evidence, uncontradicted by anything more than mere surmise, that all possible means were adopted to prevent the injury, after discovery of the danger. In *McCreary* v. *C. & O. Railway Co.*, 77 W. Va. 305, there was no clear proof that a lookout would have availed. The horse could have been seen only through a tunnel which the sole witness for the plaintiff impliedly admitted was sometimes filled with smoke. Besides,

the engineer swore he could not see through it, on the occasion of the injury, on account of smoke.

Seeing no error in the judgment, we will affirm it.

· *Affirmed.*